* * * * * * * * *
The counsel for the appellant is mistaken in supposing that the action was based upon a parol contract of insurance for three years. There was not sufficient evidence to show that Carpenter was authorized to make such a contract by the defendant. It was alleged in the complaint, and the testimony tended to prove, that a preliminary contract was made by which it was agreed that the defendant should insure the plaintiff upon the property against damage by fire for a sum and at a rate agreed upon for the term of three years from the time of making the contract, and that a policy of insurance should shortly thereafter be made out to take effect from that time and delivered to the plaintiff by Carpenter, at which time it was agreed the premium should be paid. It was proved that Carpenter was the agent of the defendant, with authority to negotiate contracts of insurance in its behalf, agree upon the rate of premium, the term of insurance, and, in short, to agree upon all the terms of the contract. That he was furnished with policies executed in blank by the president and secretary of the defendant, with authority to fill up and deliver the same to any party with whom he made a contract. This authorized him to make a preliminary contract, binding upon the defendant, to be consummated by *Page 174 
filling up and delivering a policy pursuant thereto. The case comes directly within the principle upon which Ellis v. TheAlbany City Fire Insurance Company (50 N.Y., 402) was decided by this court. The question whether such an agent was authorized to bind his principal by such a contract was fully considered in that case. The only distinction between that and the present is, that in that case the premium was paid to the agent at the time of making the contract and had been paid to the company, while in this credit was given therefor until the policy should be delivered. This has no effect upon the validity of the contract. (Trustees, etc., v. The Brooklyn Fire Ins. Co., 19 N.Y., 305;Audubon v. The Excelsior Ins. Co., 27 id., 216.)
A recovery of the amount insured was proper in the action for the breach of the contract. (Ellis v. The Albany Fire Ins.Co., and cases cited, supra.)
The private instructions given by the defendant to Carpenter, by which he was to regulate his conduct in the transaction of the business, were not known to the plaintiff or her agent, and could not therefore affect the rights of the parties.
The point that the contract was within the statute of frauds was not insisted upon in this court.
The judgment appealed from must be affirmed, with costs.
All concur, except ALLEN and RAPALLO, JJ., not voting.
Judgment affirmed.