JAMES H. RUGGLES, Respondent, *v.* THE AMERICAN CENTRAL INSURANCE COMPANY OF ST. LOUIS, Appellant.

Written application for fire insurance was made by a broker on behalf of plaintiff to defendant's agents. The agents orally agreed to insure from the date of the application provided the company was not already "on the risk." The premium was not paid, but in an action upon the alleged contract of insurance it appeared that it was the custom to extend credit to the broker for the premium to the end of the month. *Held*, that there was a complete and valid contract binding from the date of the conversation.

The authority of the agents was contained in two letters, one from defendant's general agent, the other from its secretary, both mailed before the making of the contract, but not received by the agents until after the fire. *Held*, the authority dated from the mailing of the letters.

The letter from the general agent contained this statement: "Please do not undertake to write any specials for us at present." The secretary's letter stated that "a commission of authority, as agents of this company in the city of Brooklyn," had been forwarded to the agents, adding, "We deem it unnecessary to enter into any detailed instructions as to the conduct of our business at your agency," giving as a reason that the general agent had written on the subject. The risk in question was a special one. *Held*, that the authority given by defendant was that of general agents, and did not exclude the taking of special risks; that the reference to "detailed instructions" did not limit the agent's power; that it referred to the manner of conducting the business, not to the authority to be exercised by the agent.

A general agent may bind his principal by an act within the scope of his authority, although it may be contrary to his special instructions.

(Argued April 22, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 23, 1886, which affirmed a judgment in favor of

plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought on a contract of fire insurance upon a building in the city of Brooklyn owned by plaintiff, alleged to have been made by one Barker, on behalf of plaintiff, with Sedgwick & Hammond, defendant's agents.

The facts, so far as material, are stated in the opinion.

*J. Stewart Ross* for appellant. It is the business of the party dealing with a limited agent to examine his authority; and, therefore, if there be any qualification or express restriction annexed to the commission, it must be observed; otherwise the principal is discharged. (Dunlap's Paley's Agency, 202, note *a.*) Whenever the authority purports to be derived from a written instrument, the other party is bound to take notice that there is a written instrument of procuration, and he ought to call for and examine the instrument itself to see whether it justifies the act of the agent. (Story on Agency, §§ 68, 69, 72, 76, 83; 2 Kent's Com. 618–621; 3 id. 261; Parsons on Cont. 40.) One man can be bound only by the authorized acts of another. (1 Parsons on Cont. 45.) All written powers, such as letters of attorney or letters of instruction, receive a strict interpretation. (Dunlap's Paley's Agency, 192, 195; Story on Agency, §§ 68, 69; *North River Bank* v. *Aymar*, 3 Hill, 262.) Where the agency is created and conferred by a written instrument, the nature and extent of the authority must be ascertained from the instrument itself, and cannot be enlarged by parol evidence of the usage of other agents in like cases, or of an intention to confer additional powers. (Story on Agency, § 76.) There was an absolute prohibition against Sedgwick and Hammond writing any "special risk." (*Brown* v. *McGram*, 14 Pet. 480; *Marfield* v. *Douglass*, 1 Sandf. 360; *Wilson* v. *Wilson*, 26 Penn. 393.)

*A. C. Aubery* for respondent. The principal is bound by the act of his agent in excess or abuse of his actual authority, when a third person, who, believing and having a right to believe that the agent was acting within and not exceeding his

authority, would sustain loss if the act was not considered that of the principal. ( *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5, 9, 10; *Bickford* v. *Menier*, 107 id. 490 ; *Banks* v. *Everest*, 12 Pacific Rep. 141.) Such a construction will be put upon an instrument as will be most favorable to those whose rights are affected thereby, and who had no part in its preparations, so as to uphold, rather than to defeat, the rights which are dependent upon it. (*Reynolds* v. *C. F. Ins. Co.*, 47 N. Y. 604.) There is a marked distinction between authority to act and instructions uncommunicated, and not intended to be communicated to third parties dealing with the agent. Private instructions can, with no propriety, be deemed limitations on an agent's authority. (Parsons on Cont. 41 ; *Hatch* v. *Taylor*, 10 N. H. 538, 543.) Special instructions to the agent cannot defeat an action on a contract generally within the scope of his authority. (*Sanford* v. *Handy*, 23 Wend. 260, 266; *Ellis* v. *Albany Ins. Co.*, 4 Lans. 433 ; 50 N. Y. 402 ; Story on Agency, §§ 73, 133, and notes; Paley on Agency, 200, 201, and notes; *Munn* v. *Commission Co.*, 15 Johns. 44; *Angell* v. *H. F. Ins. Co.*, 59 N. Y. 171, 174; Wood on Ins. § 529 [2d ed.].) The rule that private instructions do not bind a party dealing with an agent, unless he has notice of them, applies to contracts of insurance as well as to other contracts. (*H. F. Ins. Co.* v. *Farrish*, 73 Ill. 166; *E. L. Ins. Co.* v. *Brobst*, 18 Neb. 528 ; *L. F. Ins. Co.* v. *Woodworth*, 83 Pa. St. 223; *S. L. Ins. Co.* v. *McCain*, 96 U. S. 84; *C. U. Ass. Co.* v. *State*, 13 West. Rep. 48.) An agent with general authority may insure property situated outside of the particular locality for which he was appointed, unless the assured knew of the limitations upon his jurisdiction, or the circumstances were such that he ought to have known. (*Lightbody* v. *N. A. Ins. Co.*, 23 Wend. 18 ; *Ætna Ins. Co.* v. *Maguire*, 51 Ill. 342.

Brown, J. The court properly submitted to the consideration of the jury the question whether there was a binding

agreement for insurance, between the plaintiff's broker and the firm of Sedgwick & Hammond.

The testimony of the witness Barker was positive that the agreement was full and complete. Written application for the insurance, specific in all its details, had been filed with Sedgwick & Hammond, and the premium upon the risk was agreed upon, and there was evidence that the usage of the business was to extend a credit to the broker for the premium until the end of the month. As to the oral agreement, the evidence of this witness was that, after Hammond had shown to him the letter from the company appointing his firm agents, and had stated that he "would bind the risk provided the company was not on," he said to Hammond : " It is understood that the policy is binding provided the company is not on the risk," and Hammond replied, " Yes." Asked : " When it was binding from," he answered, " From the sixteenth ; from that time ; from that conversation."

If this evidence was to be credited, it justified the inference of a complete binding agreement from the date of the conversation. It was for the jury to draw the inference, and such a contract, if made, was a valid agreement for insurance upon which a recovery could be had. (*Ellis* v. *Albany Ins. Co.*, 50 N. Y. 402.) A more serious question is presented as to whether the agreement thus made was binding upon the company.

At the close of the testimony the counsel for the defendant asked the court to dismiss the complaint upon the ground that it appeared that the letter appointing Sedgwick & Hammond agents for the defendant limited them against insuring special risks, and risks within what was called " the shore line," which motion was denied, and to such denial defendant excepted.

The court was also asked to charge the jury that the plaintiff's premises were within the shore line ; and, also, if the jury should find that the risk was a special risk, that the agents had no authority to bind the defendant, and it was not liable.

Both requests were refused and defendant excepted to each

refusal.  The location of the "shore line" was a disputed
fact on the evidence.  By the map, called "Higginson's map,"
the plaintiff's property was within the line.  According to the
location of the line by other witnesses it was not.  The determ-
ination of this fact, if it was a material one, was properly
left to the jury.  No question can arise on this appeal upon
that branch of the case.  The request to charge that if the
jury should determine that the risk was special, the defendant
was not liable, raised no other or different question than that
presented by the motion to dismiss the complaint, as the risk
was conceded to have been a special one, and the jury would
have been bound so to find.  The request was, therefore,
equivalent to asking for a direction of a verdict for defendant.
The point of the appellant's contention was that the court
should have decided upon the letter, which contained the
agent's delegation of authority, that they possessed no power
to bind the defendant upon a special risk, and this question is
the most serious one presented upon this appeal.  It may be
conceded that the commission of authority had not, at the
time of making the agreement, reached the agents.  It had,
however, been mailed from St. Louis, as the letter of the
secretary of the company, dated October thirteenth, refers to
it as having been forwarded by mail on that day.  It may also
be conceded that it did not reach the agents until October
twentieth, the day after the fire, as Hammond in his letter to
the plaintiff, under date of October twenty-first, speaks of the
agents not having power to bind the company "until yesterday;"
and Sedgwick testified that the two letters introduced in evi-
dence were the only communications they had received from
the company with reference to their acting as agents prior to
the fire, which occurred on October nineteenth.  The evidence
upon the question of power is, therefore, to be found entirely
in the two letters last mentioned.  The first of these letters
bears date October eleventh, and was written to Sedgwick &
Hammond by Mr. Van Valkenburgh, a general agent of the
company.  In it he says: "If your appointment is confirmed,
your jurisdiction will be the city of Brooklyn, outside the

shore line, but we shall expect you to write no large risks for us until you know for certain that we are not in through our New York office. As we are now on all Brooklyn specials of any size that we will write, please do not undertake to write any specials for us at present." The second letter was written by the secretary of the company from St. Louis, dated October thirteenth, and addressed to Sedgwick & Hammond. It states : " We take very great pleasure in forwarding to your address by mail to-day a commission of authority as agents of this company in the city of Brooklyn.

" We deem it unnecessary to enter into any detailed instructions as to the conduct of our business at your agency, as our Mr. Van Valkenburgh has written you upon that subject," etc. Whatever authority the agents had, they derived from these letters. The risk was a special one, and so admitted by the plaintiff upon the trial.

Was authority to insure such a risk withheld from the agents ? We do not so interpret the letters. It is true that Van Valkenburgh wrote that the agents should not write any large risks until they knew that the company was not on through their New York office, and should not undertake to write any specials for the company, but this limited authority is not confirmed in the letter from the company. In that letter the authority is broadly stated to be " Agents of the company in the city of Brooklyn." There was no exception in the territory named, nor limitation as to the character of the risks to be insured. The other expression in the latter that " we deem it unnecessary to enter into any detailed instructions as to the conduct of our business at your agency, as our Mr. Van Valkenburgh has written you upon that subject," does not in any way limit the agents' power. Its plain reference is to the manner of conducting the business, and not to the authority to be exercised by the agent. That this view is the one entertained by the agent is plain from Hammond's letter to the plaintiff, under date of October twenty-first, in which he places his denial of the existence of an agreement to insure on the fact that they had not at the date of the alleged agreement received their

commission of authority, and not at all upon the ground that such a contract was in excess of their power.

We think, therefore, that the letter of October thirteenth, fairly interpreted, constituted Sedgwick & Hammond general agents of the company; and that the utmost that could be claimed from the direction contained in Van Valkenburgh's letter, which I have quoted, was that they were instructions for the guidance of the agent, which would in no way affect contracts with third parties having no notice or knowledge of such instructions.

A general agent may bind his principals by an act within the scope of his authority, although it may be contrary to his special instructions. (Story's Agency, § 733; *Walsh* v. *Hartford F. Ins. Co.*, 73 N. Y. 5; *Lightbody* v. *North Am. Ins. Co.*, 23 Wend. 18; *Angell* v. *Hartford F. Ins. Co.*, 59 N. Y. 171.) In *Walsh* v. *Hartford Fire Insurance Company* the rule is stated as follows: "A restriction upon the power of an agent not known to persons dealing with him, limiting the usual powers possessed by agents of the same character, would not exempt the principal from responsibility for his acts and contracts which were within the ordinary scope of the business intrusted to him, although he acted in violation of special instruction." *Lightbody* v. *North American Insurance Company* was a case very similar to the case under consideration. The plaintiff owned property in Utica, upon which he procured insurance in the defendant company by parol agreement with an agent in Troy, whose authority was limited to "Troy and vicinity," and who was denied the power to insure special risks. The plaintiff's property was a special risk. The Supreme Court held the agreement to be binding on the defendant. BRONSON, J., saying: "Although he" (the agent) "must answer to his principals for departing from their private instructions, he clearly bound them so far as third persons dealing with him in good faith are concerned."

The manner of conducting the business of insurance is so well known that a person may reasonably assume that one having the apparent power of a general agent is not limited

by his instructions as to the class of risks he may insure. Corporations organized under the laws of other states, and having their general officers in those states, do business in this state through agents who are intrusted with policies signed by the officers of the company, and which become binding contracts upon the indorsement of the agent. Such agents have power to make original contracts of insurance, and this mode of conducting the business is so well established that it has become a part of the common knowledge of the community, and judicial notice must be taken of it. (*Ellis* v. *Albany F. Ins. Co.,* 50 N. Y. 406, 407.) Persons dealing with such agents in good faith have the right to assume that they possess the power usually exercised by that class of officers, and, unless the limitation on their authority is brought to their knowledge, the contracts made with them will be binding upon the company. (*Walsh* v. *Hartford Ins. Co., supra.*)

There was nothing in the transaction between Barker and Hammond, as shown by the evidence, from which the court could assume that Barker had any notice of any limitation on the agents' power. At the time of making the agreement, Hammond showed him a letter from the company, and it having been proven by Sedgwick that prior to the fire but one letter from the company was received, it must be assumed that the letter shown was that of October thirteenth. As I have already shown, this letter constituted Sedgwick & Hammond the general agents for the city of Brooklyn, and no one in reading it could have supposed that, by the reference to the Van Valkenburgh letter, the company intended to place any limitation upon the agents' power but that the direction contained therein related to the manner of conducting the company's business at the agency. We think the contract made with Hammond was, therefore, binding upon the company.

There being no other question in the case requiring discussion, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.