GATES *et al. v.* VINCENT.

*(City Court of Brooklyn, General Term.* December 22, 1890.)

PARTNERSHIP—DEBT TO FIRM—DEBT OF PARTNER—SET-OFF.

An agreement by one partner to discharge a debt due the firm by setting off his individual liability against it is not binding on the firm unless made with the consent of the other partners.

Appeal from trial term.

Action by Nelson J. Gates and David B. Duncan, as receivers of M. J. Gaffney & Co., against William Vincent for the price of coal sold and delivered. Judgment for plaintiffs. Defendant appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*C. L. Lyon*, for appellant. *Putney & Bishop*, for respondents.

VAN WYCK, J. This action was brought to recover $139.50 for coal admitted to have been sold to defendant by the firm of M. J. Gaffney & Co., composed of Gaffney, Patterson, and Hobby. Defendant pleaded payment, and to establish the same proved that Gaffney, one of the partners, owed him the same amount, and that he and Gaffney agreed that the one claim should pay the other. An agreement made by one partner to discharge an indebtedness due his firm by setting off his individual liability against it is not binding upon the firm unless made with the consent of the other partners. Bates, Partn. §§ 347, 410, 1046; *Evernghim* v. *Ensworth*, 7 Wend. 326; *Geery* v. *Cockroft*, 33 N. Y. Super. Ct. 148. We have carefully examined the testimony in this case, and are satisfied it would not sustain or justify a verdict that the other partners of M. J. Gaffney & Co. consented to or had knowledge of the

alleged arrangement between Gaffney and this defendant. For this reason we think the trial court properly directed a verdict for plaintiff. Judgment and order appealed from must be affirmed, with costs.