(7 Misc. Rep. 142.)

## GARSIA v. BURCH.

(Common Pleas of New York City and County, General Term.    February 5,
1894.)

PARTNERSHIP—APPROPRIATION OF ASSETS BY PARTNER—ASSENT OF COPARTNER.
    Where a partner, with the knowledge and assent of his copartner, ar-
    ranges with a third person to offset such person's claim for services
    against sales made to him by the firm, the arrangement is binding on the
    firm.

Appeal from sixth district court.

Action by Alfred C. Garsia against T. Hamilton Burch.    From
a judgment dismissing the complaint, plaintiff appeals.    Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

James W. Hawes, for appellant.
Fromme Bros., for respondent.

BOOKSTAVER, J.    The plaintiff sues as purchaser of claims at
a sale by the assignee of the firm of Brown & Plympton, which firm
was composed of Martha A. Brown and Emma C. Plympton, but the
business was carried on by their respective husbands.    It is
established beyond any question that the defendant performed pro-
fessional services as a physician for Mr. Plympton for more than
the amount of the claim sued for.    It also appeared from the evi-
dence that there was a continuing arrangement by which the claim
against him was, from time to time, offset against his claim for serv-
ices; that this arrangement was known to and acquiesced in, if
not suggested by, Mr. Brown, the husband of Martha A. Brown,
who acted as her general attorney in conducting the business of the
firm.    It is, of course, true, as contended by appellant's counsel,
that one partner has no right to use or dispose of copartnership
assets in payment of his individual debts; but, if this is done with
the assent of the copartner, or one authorized to carry on the busi-
ness on behalf of the copartner, that partner cannot subsequently
take advantage of this rule.    It is manifest, if Mrs. Brown herself
had consented to this arrangement, she could not afterwards have
questioned it; and we think that her husband, carrying on the
business for her, and having general authority, as he had, to sell,
dispose of, collect, and discharge liabilities, had as much right as
she to agree to such an arrangement.    It is only where an agree-
ment of the kind between Plympton and the defendant was made
without the knowledge or assent of the other party that it would
not be binding upon the firm.    Whether or not such assent was
given must depend upon the facts and circumstances of each case.
Gates v. Vincent, (City Ct. Brook.) 12 N. Y. Supp. 704.    Besides this,
the defendant, at the time he rendered the services to Plympton
and purchased the goods in question, was not aware that the wives,
and not the husbands, composed the firm, but the latter were held
out to him as composing that firm.    Under such circumstances
he had a right to treat with them as principals, (Mullen v. Lamphear,
15 N. Y. St. Rep. 647, and cases cited,) or at least to believe that

they were acting within the scope of their authority, as there was nothing to indicate to the public at large that any but the husbands were the actual copartners in the business, (Ruggles v. Insurance Co., 114 N. Y. 415, 21 N. E. 1000; Wait v. Borne, 123 N. Y. 592, 25 N. E. 1053.) The objection to the introduction of what took place between Mr. and Mrs. Plympton and Mr. Brown when Mrs. Brown was not present is not well taken. Mr. Brown was there as her general agent and representative, and had a right to act and speak for her. It may be that some of the interrogatories propounded to the witnesses examined on commission did call for conclusions, and would have been stricken out by the court if there had been a settlement of interrogatories before the commission issued. We do not think, however, that the answers to these interrogatories could have in any way affected the result, and that the judgment should be reversed on these grounds. The judgment is therefore affirmed, with costs to the respondent.

This conclusion is reached with less hesitation because it appears from the bill of sale to plaintiff that he purchased this claim, with others aggregating a considerable sum, for seven dollars, and with a distinct notice in the bill of sale itself that the assignee did not represent such claims to be uncollected, and that all of them "were sold subject to any and all defenses which might be interposed or set up," which was quite sufficient to put him on inquiry before making the purchase. All concur.