MICHAEL HICKEY, Appellant, *v.* THE HARTFORD FIRE INSURANCE COMPANY, Respondent.

*Insurance — a delivery of a policy to an agent, who is to issue a new one, does not effect a cancellation of the old, until the new policy is issued.*

In an action brought to recover the amount of a loss by fire under a policy of fire insurance issued by the defendant, the answer, among other things, alleged that the policy had been canceled. It appeared that the plaintiff sent the policy to the defendant's agent for the sole purpose of having another policy issued in its place covering only the property destroyed, the first policy having through an error also insured property located upon another farm ; that the purpose was simply to remedy this mistake, and that the property in question should remain insured until the new policy was issued ; that the policy by its terms could only be canceled at the instance of the insurer upon the giving of five days' notice to the insured and upon returning the premium actually paid, and that no such action had been taken by the insurer, the defendant.

*Held,* that the complaint, which was upon the original policy, and not upon the promise to issue a new policy in place of the original one, was sufficient ;

That, as the evidence tended to show that the parties did not intend a cancellation until the new policy was issued, at the time of the loss the old policy was still in force.

APPEAL by the plaintiff, Michael Hickey, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tioga on the 4th day of April, 1895, dismissing the plaintiff's complaint upon the merits after a trial at the Tioga County Circuit; also, from an order entered in said clerk's office on the 4th day of April, 1895, denying the plaintiff's motion for a new trial made upon the minutes, and also from the order of the court granting a nonsuit upon the trial of the action.

*Martin S. Lynch,* for the appellant.

*Horace McGuire,* for the respondent.

PER CURIAM :

The complaint in this action in effect alleged that the defendant, through its agent, who was duly authorized to effect and enter into contracts of insurance for it, in consideration of the sum of six dollars and fifty cents, paid by the plaintiff, made and entered into a contract of insurance, by the terms of which it contracted and

agreed to insure the plaintiff against loss or damage by fire upon a certain frame barn and contents owned by the plaintiff, for the sum. of $550.

It then alleged that the barn and contents were destroyed by fire, and that the property so destroyed was of a value equal to the insurance; that proofs of loss were furnished the defendant, and that it refused to pay the same on the ground that before the fire the contract of insurance was canceled.

The defendant, after admitting its incorporation, the authority of its agent, the destruction of the barn and contents by fire, the service upon it of proofs of loss, and that it refused to adjust the same, denied the remaining allegations in the complaint, and in effect alleged that the policy it had issued had been canceled.

On the trial, the plaintiff was nonsuited. The court held : (1) That the action was upon a policy which had been canceled, and. (2) that the plaintiff could not recover upon the contract of insurance made with the defendant, because of the insufficiency of the complaint.

In holding that the policy issued had been canceled, the court relied upon the cases of *Von Wien* v. *S. U. & N. Ins. Co.* (118 N. Y. 94) and *Crown Point Iron Co.* v. *Ætna Ins. Co.* (127 id. 608). We think that those cases are not decisive of this, but that they are clearly distinguishable. In this case there was no absolute surrender of the policy. It was left for or sent to the defendant's agent with the express understanding and for the sole purpose of having another policy issued in its place which should cover only the property destroyed. The first policy had insured it with property located upon another farm. Upon discovering this and bringing that fact to the knowledge of the defendant, it agreed, upon the return of the policy issued, to issue a new and separate policy upon the property destroyed. There is nothing in the appeal book which discloses any intent upon the part of the plaintiff, or any understanding by the defendant, that the policy issued was to be surrendered or canceled until a new policy was issued in accordance with the agreement between the parties. We think it is quite manifest that both parties intended that the plaintiff's property should remain insured, under the policy already issued, until a new one was written to take

its place, and that the surrender of the old and the writing of the new policy were to be simultaneous. Under such circumstances, it could not properly be held that the policy already issued was canceled. By the provisions of the policy, it could be canceled by the defendant only upon its giving five days' notice and returning the premium actually paid. That it was canceled by any such action of the company is not claimed or pretended. On the other hand, we think the court was not justified in holding that the plaintiff intended to have this policy canceled, and thus leave his property uninsured, until another was issued in its stead.

Moreover, we are inclined to the opinion that the complaint in this action was sufficient to justify proof of a contract to insure the building in question upon the terms agreed upon between the parties, and to sustain a recovery for a breach of such agreement to the extent of the loss sustained by the plaintiff under the principle of the cases of *Ellis* v. *Albany City Fire Ins. Co.* (50 N. Y. 402); *Angell* v. *Hartford Fire Ins. Co.* (59 id. 171); *De Grove* v. *Metropolitan Ins. Co.* (61 id. 594); *Train* v. *Holland Purchase Ins. Co.* (62 id. 598); *Hubbell* v. *Pacific Mutual Ins. Co.* (100 id. 41); *Ruggles* v. *American Central Ins. Co. of St. Louis* (114 id. 415); *More* v. *N. Y. Bowery Fire Ins. Co.* (130 id. 537); *Forward* v. *Continental Ins. Co.* (142 id. 382, 389).

A somewhat critical examination of the evidence and the authorities bearing upon the questions involved has led us to the conclusion that the court erred in holding that the policy issued by the defendant had been canceled, and that the plaintiff's complaint was insufficient to justify a recovery upon the contract of insurance made between the plaintiff and the defendant; that the court erred in nonsuiting the plaintiff, and that for that error the judgment should be reversed.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment and order reversed and a new trial ordered, with costs to abide the event.