GEORGE N. MANCHESTER and EMILY J. MANCHESTER, Appellants, v. THE GUARDIAN ASSURANCE COMPANY, Respondent.

1. FIRE INSURANCE — BREACH OF ORAL AGREEMENT TO INDORSE POLICY. If a general agent of a fire insurance company who has authority to indorse consent to a change of title, makes an oral agreement with a transferee of the property and policy to go where the latter is kept by a third person and make the required indorsement, but fails, the transferee may, in case of loss during the time covered by the policy, recover from the company the amount of the insurance as damages for the breach of such agreement.

2. EQUITABLE ESTOPPEL. Such a case falls within the principle of the doctrine of equitable estoppel, and the insurance company is precluded from claiming, after the occurrence of a loss under the policy, a forfeiture on the ground of the absence of an indorsement consenting to a change of title or from insisting that there was a want of consideration for the agreement to make the indorsement, as against the transferee, who has relied upon such agreement.

*Manchester* v. *Guardian Assurance Co.*, 80 Hun, 251, reversed.

(Argued October 27, 1896; decided December 1, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial department, entered July 28, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court dismissing the complaint on trial at Circuit.

This action was brought to recover the amount alleged to be due on a policy of fire insurance.

The facts, so far as material, are stated in the opinion.

*Charles E. Patterson* for appellants. The defendant is estopped from its present defense. (*Ellis* v. *A. C. F. I. Co.*, 50 N. Y. 402; *More* v. *N. Y. B. F. Ins. Co.*, 130 N. Y. 537; *Forward* v. *C. Ins. Co.*, 142 N. Y. 382; *Baumgartel* v. *P.-W. Ins. Co.*, 136 N. Y. 547; *Whited* v. *G. F. Ins. Co.*, 76 N. Y. 415; *Messelback* v. *Norman*, 122 N. Y. 578.) The parol agreement of the defendant, through its agents, to insure Mrs. Manchester under the existing policy of insurance, was

as binding as would have been its parol agreement to issue a new policy. (*Forward* v. *C. Ins. Co.*, 142 N. Y. 387.)

*A. H. Sawyer* for respondent.   By the sale and conveyance of the insured property by Ebenezer S. Strait to the plaintiff, Emily J. Manchester, subsequent to the issuing of the policy of insurance, without any consent or agreement of the defendant in relation thereto, the policy of insurance issued to and held by Strait became absolutely void. (*Savage* v. *H. Ins. Co.*, 52 N. Y. 504; *Buchanan* v. *W. Co. M. Ins. Co.*, 61 N. Y. 611; *Tatham* v. *C. Ins. Co.*, 4 Hun, 136; *S. F. & M. Ins. Co.* v. *Allen*, 43 N. Y. 389, 394; *Germond* v. *H. Ins. Co.*, 2 Hun, 540; *Perry* v. *L. F. Ins. Co.*, 6 Lans. 201; 61 N. Y. 214; *Sherwood* v. *A. Ins. Co.*, 73 N. Y. 447; *Miner* v. *Judson*, 2 Hun, 441; *Hine* v. *Woolworth*, 93 N. Y. 75.)   A verbal notice of such sale to the agent who issued the policy, with request that the fact should be noted on the policy, and a promise on his part that he would attend to it, does not waive the condition of the policy requiring the agreement in relation to such sale or conveyance to be indorsed upon or added to the policy. ( *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5; *Marvin* v. *U. L. Ins. Co.*, 85 N. Y. 278; *Messelback* v. *Norman*, 122 N. Y. 578; *Hill* v. *L. A. Cor.*, 12 N. Y. Supp. 86; *Quinlan* v. *P.- W. Ins. Co.*, 133 N. Y. 356; *O'Brien* v. *P. Ins. Co.*, 134 N. Y. 28; *Baumgartel* v. *P.- W. Ins. Co.*, 136 N. Y. 547; *Moore* v. *H. F. Ins. Co.*, 141 N. Y. 219.)   In addition to the condition of the policy that no waiver of any provision or condition shall be operative unless such waiver, if any, shall be written upon or attached thereto, it is also provided that no privilege or permission affecting the insurance under the policy shall exist or be claimed by the assured unless so written or attached to said policy. (*Moore* v. *H. F. Ins. Co.*, 141 N. Y. 219; *Chase* v. *H. Ins. Co.*, 20 N. Y. 52; *Rohrbach* v. *G. F. Ins. Co.*, 62 N. Y. 47; *Alexander* v. *G. F. Ins. Co.*, 66 N. Y. 467; *Barteau* v. *P. M. L. Ins. Co.*, 67 N. Y. 595; *Allen* v. *G. A. Ins. Co.*, 123 N. Y. 6; *N. Y. L. Ins. Co.* v. *Fletcher*, 117 U. S. 519, 528.)   The refusal

12

of the plaintiff George N. Manchester to assign to the insurance companies the two mortgages for $8,000 transferred to him by the Troy Savings Bank, released the defendant from all obligation upon its contract with the mortgagees to pay the amount of the insurance in case of loss to them. (*S. F. & M. Ins. Co.* v. *Allen,* 43 N. Y. 389; *U. C. S. Inst.* v. *Leake,* 73 N. Y. 161; *Foster* v. *Van Reed,* 70 N. Y. 19; *E. F. Ins. Co.* v. *R. Ins. Co.,* 55 N. Y. 343; *Kipp* v. *M. F. Ins. Co.,* 4 Edw. Ch. 86; *C. F. Ins. Co.* v. *E. R. Co.,* 73 N. Y. 399; *Dick* v. *F. F. Ins. Co.,* 81 Mo. 103.) The agreement on the part of the insurance company to pay the mortgagee in case of loss, is concurrent with the agreement upon the part of the mortgagee to subrogate the company on such payment to the extent thereof, or to assign the mortgages and all securities for the payment of the mortgage debt on demand of the insurance companies. And the plaintiff George N. Manchester, the assignee of the mortgagee, having refused to assign such mortgages and other securities, cannot recover in this action against the insurance companies. (*Lett* v. *G. F. Ins. Co.,* 52 Hun, 570; 125 N. Y. 82; *Fayerweather* v. *P. Ins. Co.,* 118 N. Y. 324; *Dilling* v. *Draemel,* 16 Daly, 104; *N. F. Ins. Co.* v. *F. T. & T. Co.,* 123 Penn. St. 516; *Carstairs* v. *M. & T. Ins. Co.,* 18 Fed. Rep. 473; *S. C. M. Ins. Co.* v. *Woodruff,* 26 N. J. L. 541, 555; May on Insurance [2d ed.], § 458; *Thomas* v. *M. F. Ins. Co.,* 43 Hun, 218.)

MARTIN, J.  Prior to and upon the eighth day of January, 1889, Ebenezer S. Strait owned certain premises situated in the county of Rensselaer.  On that day he procured from the defendant, through its general agents at Troy, a policy of insurance upon the buildings on the premises insuring him against loss or damage by fire to the extent of two thousand dollars.  It was a New York standard fire insurance policy.

At that time there were several mortgages upon the property held by the Troy Savings Bank amounting to sixteen thousand dollars, and this policy, with others, was held by the bank as collateral, and it was in its possession.

On August 1st, 1890, Strait conveyed the property insured to Emily J. Manchester, who took immediate possession. The insurance by the defendant was also transferred to her. Shortly after these transfers Strait, as her agent, notified the general agents of the defendant thereof and requested them to go to the bank where the policy was and make the necessary indorsement upon it, which they agreed to do. This agreement, however, they failed to perform.

In the following September a fire occurred, by which the property was destroyed. The plaintiff George N. Manchester subsequently procured assignments of the outstanding mortgages to himself, and thus acquired the same rights as were possessed by the bank. Proofs of loss were duly furnished to the defendant. It is conceded that if the plaintiffs are entitled to recover they are entitled to the sum of $2,115.14.

On the trial the plaintiffs were nonsuited, presumably upon the grounds that there was a change of title to the property without any written indorsement upon the policy consenting thereto, and that the agents had no power to waive any of its provisions.

The most important and practically the only question in this case is whether upon those facts the plaintiffs were entitled to recover. The defendant, through its general agents, had notice of the change of ownership, and agreed to indorse upon the policy the defendant's consent to the transfer from Strait to Mrs. Manchester. The policy was within the defendant's reach for that purpose. This agreement it failed to perform. The plaintiffs now seek to recover as damages for a breach of that agreement the loss they have sustained. The defendant endeavors to relieve itself from liability because no consent was actually indorsed upon the policy. In other words, it undertakes to defeat the plaintiffs' action upon the ground of the non-performance of an act which it expressly agreed itself to perform.

We think this case falls within the principle of *Ellis* v. *Albany City F. Ins. Co.* (50 N. Y. 402); *Angell* v. *Hartford F. Ins. Co.* (59 N. Y. 171); *Ruggles* v. *Am. Cent. Ins. Co.*

*of St. Louis* (114 N. Y. 415), and other kindred cases. In those cases this court held that an agent of a fire insurance company, who was authorized to negotiate contracts of insurance and to fill up and deliver policies executed in blank left with him for that purpose, had authority to make a parol preliminary contract to issue a policy, and that the recovery of the amount agreed to be insured was the proper measure of damages for the breach of such a contract.

As the defendant's agents had unrestricted authority to make the indorsement necessary to continue the policy in force, it would seem that they also had authority to make a preliminary contract therefor. Such a contract was made, and was based upon a sufficient consideration. Under the doctrine of the cases cited, it is obvious that the plaintiffs were entitled to recover for a breach of the contract made with the defendant for a continuance of its policy and to recover as damages the amount of such insurance.

Moreover, it is quite probable that the plaintiffs were prevented from procuring other insurance by reason of their reliance upon the agreement of the defendant to make the proper indorsement upon the policy necessary to continue it in force. It would be the natural result of the defendant's act, and, consequently, the case falls within the principle upon which the doctrine of equitable estoppel is founded, and the defendant should be precluded from claiming a forfeiture of the policy on the ground of the absence of such an indorsement or from insisting that there was a want of consideration. (*Pratt* v. *N. Y. Central Ins. Co.*, 55 N. Y. 505; *Whited* v. *Germania F. Ins. Co.*, 76 N. Y. 415; *Buchanan* v. *Exchange F. Ins. Co.*, 61 N. Y. 26, *Benninghoff* v. *Agricultural Ins. Co.*, 93 N. Y. 495.)

The learned General Term based its decision principally upon the case of *Baumgartel* v. *Providence-Washington Ins. Co.* (136 N. Y. 547, 552). We think that case is clearly distinguishable from the case at bar. There the question arose over the provision that unless otherwise provided by agreement indorsed upon the policy, it should be void in case

of other insurance.    After the policy was issued the plaintiff procured other insurance, and afterwards saw the defendant's agent upon the street talking with another man, when he walked up to him and said that he had other insurance for one thousand dollars, to which the agent replied : " All right, I will attend to it."    Upon those facts it was held that such a notice did not satisfy the requirements of the policy or estop the defendant from insisting upon its forfeiture. · In discussing the question in that case it was, however, said : " At most the language of the agent amounted to nothing more than his personal promise to do something in the future, and neither he nor the company could be held to be in default, with respect to such promise, until the plaintiff had presented the policy to him and requested him to make the indorsement.    In case of a refusal then to do what he had promised to do, it may be that the plaintiff's reliance upon the promise and any changed condition of the parties with respect to the new insurance, in consequence, would be sufficient to induce a court of equity to compel performance."    In this case there was an express promise to make the indorsement required, and there was nothing to be done by the plaintiffs before the defendant was to act.    The policy was in the hands of a third person and not under the plaintiffs' control.    With a full knowledge of that fact, the defendant promised to go where the policy was kept and make the required indorsement. Therefore, this case is clearly within the exceptions suggested in the opinion in the *Baumgartel* case.    We find nothing in that case which is in conflict with the conclusion we have reached in this.

The judgment of the General and Trial Terms should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.