(18 App. Div. 575.)

## SQUIER v. HANOVER FIRE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

INSURANCE—AUTHORITY OF AGENTS.

A verbal agreement by an insurance agent, who is authorized to issue and renew policies, that he would renew a policy which was about to expire, is binding on the insurer, though the premium had not been paid when the loss occurred, where the insured, in reliance on such agreement, took no further action in regard to the insurance, and the only thing said about the premium was the request of the agent that the insured would "try and not let the premium run longer than 30 days."

Appeal from trial term, Chautauqua county.

Action by Roxa Squier against the Hanover Fire Insurance Company of New York. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a new motion for a new trial, defendant appeals. Affirmed.

On the 20th of December, 1893, the defendant, through its agents, Horton Bros., of Jamestown, N. Y., issued a fire insurance policy to the plaintiff, insuring her household goods and furniture against loss or damage by fire for one year. It was a standard policy, and insured the property for the sum of $600. Horton Bros. were, and for a long time had been, the agents of the defendant at Jamestown, and it was admitted by the pleadings, and proved upon the trial, that they had authority and full power from the defendant to receive proposals for insurance against loss and damage by fire in Jamestown, N. Y., and vicinity, at fixed rates of premiums, to receive moneys, and to countersign, issue, and renew policies of insurance signed by the president and attested by the secretary of the defendant, subject to the rules and regulations of the defendant, and to such instructions as it might from time to time give to its agents. It was the custom of these agents, when a policy that they had issued was about to expire, to send out notice of the expiration of the policy to the insured. A short time before the expiration of the policy here in question, and in December, 1894, these agents served upon the plaintiff a written notice that the policy would expire on the 20th of December, 1894, and that unless they (the agents) received word to the contrary from the plaintiff, the policy would be renewed upon its expiration. The plaintiff gave no direction that the policy should not be renewed, but after the receipt of that notice, and before the 20th of December, 1894, when the old policy expired, the plaintiff's husband, who had charge of the business for her and as her agent, met one of the Hortons, the defendant's agent, upon the street, and Horton asked him if he wished the insurance renewed (referring to the insurance in question). The husband told Horton that he did, whereupon Horton said, "All right; try and not let the premium run longer than thirty days." Horton said he would issue the policy, and the plaintiff's husband was to call at Horton's office, and get it. The policy was not in fact issued, but the plaintiff made no further efforts to insure her property, relying upon the arrangement for the renewal; that is, the evidence of the plaintiff tended to prove that fact. A fire occurred on the 29th of December, 1894, destroying the property of the insured. The insured made proofs of loss, and forwarded them to the defendant, but the defendant gave notice, disclaiming all responsibility in the matter, and refused to pay the loss. The plaintiff brought an action against the defendant to recover this loss, alleging substantially the facts above recited. The defendant answered, and the action was tried in Chautauqua county in October, 1896, and the plaintiff recovered a verdict for $653.50, whereupon the defendant moved for a new trial upon the minutes, which was denied, and the defendant appeals from the judgment, and from the order denying the motion for a new trial, to this court.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Horace McGuire, for appellant.
A. C. Wade, for respondent.

WARD, J. The appellant alleges two errors upon this review: First, that the plaintiff did not establish her case by a fair preponderance of the evidence; second, that Horton Bros. were not authorized to make verbal contracts of insurance, and that the alleged contract, if made, was outside of the scope of their authority. The case was fairly tried, and properly submitted to the jury, and there was evidence to sustain the plaintiff's contention upon the questions of fact sufficient to go to the jury, and their verdict will not be disturbed upon those questions. It is true that the defendant's agents denied having the conversation as to the renewal of the insurance testified to by the plaintiff's husband, but there were circumstances established in the case which tended to confirm the statement of the husband, and weaken that of the agent. The written notice as to the renewal of the policy

was not denied by the defendant's witnesses, and stands an admitted fact in the case.

The remaining question is as to the authority of the defendant's agents to renew the insurance, or to make a new contract of insurance upon the same terms and conditions as the first. By the arrangement as found by the jury, the second insurance for a year was to be precisely like the first in every respect. Whether we call the transaction a renewal of the former policy, or an agreement for a new policy, to run the same length of time as the first, and upon the same terms, the substance of the transaction is the same. The power of the agent was twofold,—to issue new policies, and to renew old ones; and upon the question of authority it is unimportant whether this was a contract to renew or a contract for a new policy. It was equally within the powers of the defendant's agents. We know, as a matter of common practice, that these agents renew policies upon an arrangement with the insured to do so, and with the tacit consent of the insurance companies. The power of insurance agents clothed with the authority that the Hortons were in this case to make a parol contract of insurance, to be consummated by a policy to be issued thereafter, or to make a parol contract of insurance, has long been established in the jurisprudence of this state, and payment of premium at the time is not necessary to make the contract binding upon the company. If a credit be given by the agent, it is equally obligatory; and, in the case of a preliminary contract to issue a policy, the recovery of the amount agreed to be insured is proper damages for the breach of such contract. Angell v. Insurance Co., 59 N. Y. 171; Ellis v. Insurance Co., 50 N. Y. 402; Ludwig v. Insurance Co., 48 N. Y. 382; Trustees of First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. 305; Audubon v. Insurance Co., 27 N. Y. 216; Post v. Insurance Co., 43 Barb. 351; Church v. Insurance Co., 66 N. Y. 222; Reynolds v. Insurance Co., 8 App. Div. 193, 40 N. Y. Supp. 336; Ruggles v. Insurance Co., 114 N. Y. 415, 21 N. E. 1000; Hicks v. Assurance Co., 13 App. Div. 444, 43 N. Y. Supp. 623; Van Tassel v. Insurance Co., 151 N. Y. 130, 45 N. E. 365; Manchester v. Assurance Co., 151 N. Y. 88, 45 N. E. 381.

The plaintiff having relied upon the arrangement made with the agent of the defendant to continue the insurance, the premium to be paid thereafter, they having the apparent authority to make such an arrangement, the defendant is in equity estopped from asserting the want of power in the agents to make the contract. Manchester v. Assurance Co., 151 N. Y. 92, 45 N. E. 381, and cases there cited. The learned counsel for the defendant seems to rely upon Shank v. Insurance Co., decided by this court, and reported in 4 App. Div. 516, 40 N. Y. Supp. 14. An examination of that case discloses but little resemblance between it and the case at bar, and it does not apply.

The judgment and order appealed from should be affirmed, with costs. All concur.