ELIAS STONE, Appellant, *v.* THE FRANKLIN FIRE INSURANCE COMPANY OF BOSTON, Respondent.

Defendant issued a policy of fire insurance containing a clause by which it reserved " to itself the right at any time and for any cause to return the assured the unexpired premium *pro rata,* which shall have the effect to cancel and annul the policy." The policy was procured for the assured by F., an insurance broker, who did not pay the premium ; but in accordance with the course of business between him and defendant it was charged to him, he being allowed to pay when it suited his convenience. Subsequently defendant served upon F. a notice to the effect that it desired to cancel the policy, and that the same would not be held by it binding after noon of a day specified. On the evening of the day specified the property was damaged by fire. In an action upon the policy, *held*, that the notice was effectual to cancel the policy ; that it was not necessary for that purpose to return a *pro rata* share of the premium, as defendant having received nothing, had nothing to return, and the notice canceled so much of the charge against F. as represented the unearned premium.

It appeared that F. had been for two years prior to the procuring of the policy the agent for the S. T. Co., the assured, through whom it procured all of its insurance, he placing it in various companies as he chose, without particular instructions as to rates or amount in any company, and all of the policies obtained by him remained in his possession until after the fire, when he delivered them to S., the president and

general manager of the assured. F., advised S. of the receipt of the notice, he in no way questioned the authority of F. to receive it, and on being called upon by defendant's agent and informed that the policy was canceled, surrendered it. Notice and proofs were served by the assured on the other companies having insurance on the property. In the proofs the other insurance companies carrying insurance were specified, and the loss was apportioned among them. Defendant was not mentioned as having a policy upon the property, and no claim was made against it until over three months after the fire. The policy contained a clause to the effect that any person, other than the assured, who may have procured it should be considered as the agent of the assured and not of defendant. *Held*, that the circumstances showed clearly it was understood by the parties that F. was general agent for the assured in the matter of insurance, and so was authorized to receive the notice.

Also *held*, the fact that S. testified on the trial that F. was simply the broker authorized to procure so much insurance and he did not consider him his agent, and that F. testified he had nothing to do " but to place the business," did not impair the force of the other evidence or change its legal effect; that they were mere expressions of opinion.

*Hermann* v. *N. F. Ins. Co.* (100 N. Y. 411), distinguished.

*It seems* that if the policy had not been canceled before the fire its subsequent surrender would not have extinguished the cause of action thereon.

(Argued April 25, 1887; decided May 10, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 9, 1885, which affirmed a judgment in favor of defendant, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was upon a policy of fire insurance, the substance of which, as well as the material facts, are stated in the opinion.

*Benno Loewy* for appellant. The policy in suit was never legally canceled, as the *pro rata* unearned premium had never been actually paid or tendered to the assured prior to the occurrence of the loss. (*White* v. *Conn. Ins. Co.*, 120 Mass. 330; *Bennett* v. *Md. Fire Ins. Co.*, 14 Blatchf. 422; *Hathorn* v. *Germania Ins. Co.*, 55 Barb. 28; *Van Valkenburgh* v.

*Lennox Fire Ins Co.*, 51 N. Y. 465; *Ætna Ins. Co* v. *Maguire*, 51 Ill 342) There was no cancellation of the policy, even if notice without repayment of the unearned premium had been sufficient, as there was no notice to the assured. (*Hermann* v. *Niagara Fire Ins Co.*, 100 N. Y. 411; *Von Wien* v. *Scottish Un. & Nat. Ins. Co.*, 52 J. & S. 490; *Hodge* v. *Security Ins. Co.*, 33 Hun, 583; *White* v. *Conn. Ins. Co.*, 120 Mass. 333; *Grace* v. *Am. Cent. Ins. Co.*, 109 U. S. 278; 16 Blatchf. 433; *S. C.*, 8 Rep. 771; 7 id. 388; *Rothschild* v. *Am. Cent. Ins. Co.*, 74 Mo. 44; *First Nat. Fire Ins. Co.* v. *Isett*, 14 Rep. 378; *Latoix* v. *Ger. Ins. Co.*, 27 La. Ann. 113; *Van Valkenburgh* v. *Len. Fire Ins. Co.* 51 id. 465, 469.) The alleged "surrender" of the policy subsequent to the fire could not act as a cancellation of the policy so as to release the claim against defendant for a loss which had then already occurred. (*Dambman* v. *Shulting*, 75 N. Y. 55, 59, 60; *Van Valkenburgh* v. *Len. Fire Ins. Co.*, 51 id. 456, 467; *E. Carver Co.* v. *Manuf'rs Ins. Co.*, 72 Mass. 214; *Dedham Inst. for Sav'gs* v. *Slack*, 60 id. 408.)

*Osborne E. Bright* for respondent. Whether the policy had been canceled was a question of fact. (*Grace* v. *Am. Cent. Ins. Co.*, 8 Ins. L. J. 95.) As no premium had been paid no *pro rata* return was required. (*Bergen* v. *Builders' Ins. Co.*, 38 Cal. 541, 546; *Mueller* v. *S. S. Ins. Co.*, 87 Pa. St. 399; *Von Wire* v. *Ins. Co.*, 52 Sup. Ct. 490.) Frank, being the agent of the assured at the time of the fire, the notice of cancellation was properly served upon him. (*Grace* v. *Am. Cent. Ins. Co.*, 16 Blatchf. 433; *Hartford F. Ins Co.* v. *Reynolds*, 36 Mich. 502, 507; *Standard Oil Co.* v. *Triumph Ins. Co.*, 64 N. Y. 85.) Defendant, having waived no rights and having pleaded the failure to serve proofs of loss, plaintiff could not recover. (*Brown* v. *London As. Co.*, 40 Hun, 101; *Gilligan* v. *Com. Ins. Co.*, 20 id. 93; *Griffey* v. *N. Y. C. Ins Co.*, 100 N. Y. 417.)

EARL, J. On or about the 18th day of February, 1881, the defendant issued a policy insuring certain property of the

Standard Tinware Company of the city of New York, to the amount of $1,500, for one year from the 16th day of February, 1881. The policy contained this clause; "To protect itself against such increase or change of the risk as may not, under the above conditions, render this policy void, the company reserves to itself the right at any time and for any cause to return the assured the unexpired premium *pro rata*, which shall have the effect to cancel and annul this policy" And also the following clause; "It is a part of this contract that any person, other than the assured, who may have procured this insurance to be taken by this company, through its regularly appointed agents, shall be deemed to be the agent of the assured named in this policy, and not of this company under any circumstances whatever, or in any transaction relating to this insurance." The insurance was procured through an insurance broker named Frank from Langford & Co., who were agents of the defendant. The premium was never paid. But by the course of business between Langford & Co, and Frank, they allowed Frank to take insurance and pay when it suited his convenience. On the twenty-sixth day of February, Langford & Co. sent to Frank this notice: "Dear sir — The Franklin Insurance Company of Boston desire to cancel their policy No. 9190, covering property of Standard Tinware Company, Nos. 394 and 396 First avenue, New York. The same will be held binding until the twenty-eighth instant, twelve o'clock, noon. After said date the company will not be liable for any loss under said policy. Yours respectfully." This notice came to Frank's hands about nine o'clock in the morning of the twenty-eighth, and in the evening of the same day the property insured was damaged by fire to the extent of $4,600. Six other insurance companies had policies upon the same property. On the 16th day of June, 1881, the Standard Tinware Company assigned its claim against the defendant upon its policy to the plaintiff, and in February 1882, he commenced this action. He claims that the policy was in force at the time of the fire, while the defendant claims that it was effectually canceled before the fire.

The plaintiff contends that the cancellation was ineffectual because at the time of the notice of cancellation a *pro rata* share of the premium was not returned. But the premium had never, in fact, been paid. If it could in any sense be treated as paid, it was so paid by the credit given to the broker Frank. The defendant had never actually received anything, and, therefore, it had nothing to return. If the premium could be paid by the credit, so it could be restored by the cancellation of that credit, and after the defendant gave the notice canceling the policy, its charge against Frank or the Tinware Company was thereby canceled. If it could thereafter enforce payment of the premium against anyone, it would have been only a *pro rata* share thereof for the time intervening between the sixteenth and the twenty-eighth days of February, at noon, when the cancellation took effect. It was the agreement between the parties to the insurance that the insurance company should have the right to cancel the policy, and it was certainly not contemplated that it should make a present to the insured, in case the premium had not been paid, as a condition of its right to cancel. We do not think, therefore, that the contention is sound that the cancellation was ineffectual on account of the non-return of the *pro rata* portion of the premium.

It is further claimed on behalf of the plaintiff that Frank had no authority to receive this notice of cancellation, and that notice to him was not notice to the insured. We are of opinion that, upon the undisputed evidence, Frank was so far the agent of the Tinware Company that notice to him was notice to that company. He had been the agent of the Tinware Company for about two years, through whom it procured insurance upon its property from various companies, in all, to the amount of $10,000. It does not appear that he received any particular instructions as to the companies from which he was to receive insurance or as to the rates of premium or the amount to be insured by any particular company. It is inferable that all these matters were left to his discretion. After the fire, Scheider, the president

and general manager of the Tinware Company, did not know how much insurance the company had, nor what policies it held until he called upon Frank the morning after the fire and obtained the information from him. The defendant's policy, and probably all the other policies remained in the possession of Frank until after the fire. Frank, when he received the notice of cancellation, retained the same and in no way objected that he was unauthorized to receive the notice, and when Scheider called upon him the next morning after the fire, he informed him of the receipt of the notice, and he in no way questioned Frank's authority to receive it. On the afternoon of the same day, Langford, one of defendant's agents, called upon Scheider, informed him that the policy was canceled, and thereupon Scheider surrendered it to him, without objection, as a canceled policy. On the day after the fire, formal notice of the loss, and in about two weeks after the fire formal proofs of loss were served upon all the other companies, but not upon the defendant. In the proofs of loss thus served the insurances in the other six companies were specified, and the loss was apportioned among them in proportion to the amounts respectively insured by them, and one of the companies specified in the proofs paid to the Tinware Company its share of the loss as thus determined. In those proofs the defendant was not named among the insurance companies having policies upon the property. No claim of liability against the defendant on its policy was made until about three months after the fire, and no proofs of loss were served upon the defendant until about three months and a half after the fire. From all these facts, including the stipulation in the policy above set out, it is clear that Frank was understood by the parties to be the general agent of the Tinware Company to procure and deal with this insurance. During more than three months after the fire his authority to that extent seems to have been conceded by the Tinware Company and was not questioned by anyone. If upon this evidence the jury had found that Frank was not authorized to receive the notice, their verdict would have been so far

contrary to the evidence that it would have been the duty of the trial judge to set it aside.

It is true that Scheider testified that Frank was simply the broker whom he authorized to get so much insurance and that he did not consider him his agent, and that Frank testified that he had nothing to do " but to place the business " (meaning, probably, to perfect the insurance) as Scheider ordered him to do. But these were mere expressions of opinion by the witness while testifying, which in no way impaired the force and significance of the other evidence or changed its legal effect.

It is a matter of some significance that nothing was said about the extent of Frank's agency in the charge of the judge, and he was not requested to submit the facts in reference to such agency to the jury.

If Frank had had no authority, except as a broker, to procure this insurance and the defendant had been obliged to rely solely upon the clause in the policy above set out to establish his agency, then this case would have been, in that respect, like the case of *Hermann* v. *Niagara Fire Insurance Company* (100 N. Y. 411). But the evidence bearing upon Frank's agency distinguishes this case from that. Certainly so long as Frank held the policy, and it was carried upon his credit, and not delivered to or accepted by the insured, notice of cancellation could be given to him, and upon receipt of such notice, it would be his duty, as broker, to procure other insurance. Suppose, in this case, the notice had been given to him within one hour after the policy was delivered to him, would any one doubt that the policy would have been thereby effectually canceled and that it would have been his duty, at once, to procure other insurance ? The fact that it remained in his possession for ten days does not affect the principle or make any difference in his status, authority and obligation.

The further claim is made that there was not sufficient proof that Scheider was authorized to represent the Tinware Company. We think the proof is ample that he was so authorized and that he was the general manager of the company. It

appears that the Tinware Company was the successor of Joseph Scheider & Co., and so it was printed upon the letter-heads of the company. He was its president, and acted for and represented it in all its transactions in reference to the insurance upon its property and the adjustment and settlement of the loss. The assignment of the claim to this plaintiff was executed by him. When testifying he spoke of the book-keeper of the company as " my book-keeper," and of Frank, as " my agent," thus showing that, in his estima-tion, at least, he was the company, and there is no hint in the evidence that any other person had authority to represent it. From all this evidence, the inference is· irresistible that ne was the general manager of the company, authorized to represent it, and the trial judge could properly have so determined as matter of law.

We are, therefore, of opinion that, upon the evidence as it appears in this record, the trial judge could, if moved thereto by the defendant, have nonsuited the plaintiff. The plaintiff, therefore, has no cause of complaint of the verdict of the jury against him, or of any error in the charge of the judge.

If the policy had not been canceled before the fire, and thus had remained in force, its subsequent surrender to the defend-ant would not have extinguished its cause of action for its loss. It is the cancellation of the policy before the fire, and that alone, which requires the affirmance of this judgment.

The judgment should be affirmed with costs.

All concur, except RUGER, Ch. J., dissenting, and FINCH, J., absent.

Judgment affirmed.