(139 App. Div. 407.)

## WALRATH v. HANOVER FIRE INS. CO.

(Supreme Court, Appellate Division, Third.Department. June 29, 1910.)

1. INSURANCE (§ 141*)—ISSUANCE OF POLICY—ESTOPPEL.

Shortly before expiration of a fire policy on plaintiff's property, issued by defendant through its agent R., and in the possession of the mortgagee of the property, R., whose agency had been revoked, applied to the then agents of defendant for a policy continuing the insurance, and they delivered it to him; but he returned it to them on their demand, before the time it was to take effect, defendant having instructed them to withdraw it, as they had ceased insuring that class of property. *Held*, that even if plaintiff was not informed that R. was no longer defendant's agent, and was told by R. that a new policy had been issued and delivered to the mortgagee, and was not informed of the withdrawal, he could not recover as on such policy, on the ground of the estoppel of defendant to dispute its delivery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 253; Dec. Dig. § 141.*]

2. INSURANCE (§ 232*)—WITHDRAWAL OF POLICY—NOTICE.

Withdrawal of a policy by the insurer before it goes into effect is not a cancellation, within the law that cancellation must be on notice to insured.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 232.*]

Smith, P. J., dissenting.

Appeal from Trial Term, Albany County.

Action by Charles M. Walrath against the Hanover Fire Insurance Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P, J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Thomas F. Jones, for appellant.
Michael D. Reilly, for respondent.

HOUGHTON, J. The plaintiff is the owner of a farm, the house and outbuildings on which had been insured for some years from loss against fire by the defendant through the agency of George H. Russell or George H. Russell & Son. The policy had been in the custody of a mortgagee, and expired on May 15, 1908. A year previous to that time the agency of Russell & Son was revoked, and Rose & Kiernan were appointed agents of the defendant in their stead. About the 6th of May, apparently of their own motion, Russell & Son applied to Rose & Kiernan for a policy continuing the insurance upon plaintiff's buildings for another three years, and a policy was delivered to them. On the agents reporting the issuance of the policy to the defendant, they were instructed to withdraw the policy, as the company had ceased insuring farm property, and before the 15th of May, when it was to take effect, on demand, Russell & Son returned it to them.

The Russells testified that they informed the plaintiff on the 13th of May that the defendant had ceased to write policies on farm prop-

erty, and that they were no longer agents of the defendant, and that they were unable to procure a policy in the defendant company on his buildings, and that they were endeavoring to obtain other insurance for him, having no company of their own which would insure farm property, and that before any company would insure he must make certain alterations and improvements to his buildings. The plaintiff denies that they told him that their agency in behalf of the defendant had been revoked, or that the defendant would not issue a policy on his buildings, but admits that the only conversation he had with them was on the 13th day of May, and that they then told him that he must make certain alterations and improvements before they could obtain insurance by any company, which alterations he immediately made.

As the plaintiff claims on the 15th of May, and as the Russells testify on the 6th of May, when they received the policy which was subsequently recalled, they sent to the plaintiff a bill for the premium, describing this defendant as the company issuing the policy and its number, and stating that it had been delivered by them to the mortgagee. Such premium was not paid, the plaintiff testifying that credit was given therefor. The Russells procured no other insurance, and the plaintiff appears to have paid no further attention to the matter until the 12th of July, 1908, when some of the buildings were burned. He personally notified Russell & Son, and was informed that there was no policy of insurance. He furnished proofs of loss to the defendant, however, and brought this action upon the policy, which the defendant had instructed their agents to withdraw, and which had been withdrawn, prior to the day of its taking effect.

On the trial the plaintiff conceded that the policy had not been actually delivered, and on motion of the defendant the trial court ruled that under the pleadings and proof the plaintiff was not entitled to recover on an oral contract of insurance, nor for damages for failure to issue a policy of insurance upon a valid contract therefor. The theory upon which the plaintiff has recovered is that the defendant is estopped from denying that it issued the policy in question, because Russell & Son were their former agents and had been accustomed without solicitation to renew policies about expiring upon plaintiff's property, and that the plaintiff had no notice of the revocation of their agency, and was entitled to rely upon their representation that a policy had been issued and delivered to the mortgagee, and that the policy which was issued could not be legally canceled or recalled, even before it took effect, without notice to him.

We are of opinion the plaintiff cannot recover on such theory. He was not entitled to notice of withdrawal of the policy from the hands of Russell & Son before it went into effect on May 15th. The defendant did not cancel the policy. It simply withdrew it or recalled it before it became operative. Such a withdrawal was not a cancellation within the meaning of the law requiring notice to the insured. If the plaintiff had requested Russell & Son to issue a policy in behalf of defendant in place of the one about expiring, and they, notwithstanding the revocation of the agency, of which the plaintiff

had no notice, had assented to the proposition, there might be some ground for the claim that the defendant was estopped, or that a good oral contract for insurance had been made. But the plaintiff made no request to them to issue a policy. They took it upon themselves to solicit for the plaintiff a policy in the defendant's company from its authorized agents.

A policy of insurance is not a valid obligation until delivered, and confessedly the policy in question was never delivered to the plaintiff himself. If Russell & Son were still agents of the defendant as to the plaintiff, because he had had no notice of the revocation of their former agency, delivery of the policy to them was not delivery to the plaintiff. The only way in which it can be said that the policy was delivered at all is to assume that they were agents of the plaintiff. If they were such agents to accept delivery, they were mere brokers acting for him, and the plaintiff is chargeable with their knowledge that the policy was recalled and redelivered to the defendant before it became operative. Ikeller v. Hartford Fire Ins. Co., 24 Misc. Rep. 136, 53 N. Y. Supp. 323. Aside, therefore, from the express stipulation of the plaintiff, made on the trial, there was never any delivery of the policy issued by the defendant. If Russell & Son had been actually agents of the defendant, their statement that the policy had been delivered to the mortgagee would doubtless be deemed delivery, though they had not delivered it to him. But not in fact being agents, their declaration that it was so delivered is not binding on the defendant. If there be any doubt, however, as to this proposition, the preponderance of evidence is that the plaintiff was informed that they were no longer agents of defendant, and the judgment should be reversed on that ground.

Any question as to the right of the plaintiff to recover on an oral contract of insurance was expressly eliminated on the trial.

If these views be correct, it follows that the judgment and order must be reversed, with costs, and a new trial granted. All concur, except SMITH, P. J., who dissents.

SMITH, P. J. (dissenting). The plaintiff, having dealt with Russell & Son as the defendant's agents, might continue to deal with them as such until notice of the revocation of the agency. In Claflin v. Lenheim, 66 N. Y. 301, the headnote in part reads as follows:

"Where one has been constituted and accredited as agent to carry on a business for another, his authority to bind his principal continues after actual revocation, as to those who have been accustomed to deal with him as such agent, until notice of the revocation is brought home to them."

See, also, 31 Cyc. 1305, and cases there cited.

The declaration of Russell & Son that a new policy had been issued and delivered to the mortgagee, therefore, estops the defendant from disputing its delivery. Plaintiff was told that certain improvements had to be made to render the insurance valid. These improvements he made, and notified Russell & Son thereof. He might thereafter assume that a valid insurance existed in accordance with the

previous notice. I do not agree with Mr. Justice HOUGHTON that the verdict is against the weight of evidence. The conflict in the testimony is clear, and the acts of all parties would seem to support the plaintiff's contention.

I therefore vote for an affirmance of the judgment.