WALRATH v. HANOVER FIRE INS. CO.

(Supreme Court, Appellate Division, Third Department.   November 22, 1912.)

Appeal from Trial Term, Albany County.

Action by Charles M. Walrath against the Hanover Fire Insurance Company.  From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals.  Affirmed.

See, also, 133 N. Y. Supp. 1148.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS and LYON, JJ.

Jones, Townsend & Rudd, of Utica, for appellant.

William E. Woollard and Michael D. Reilly, both of Albany, for respondent.

PER CURIAM.  Judgment and order affirmed, with costs.

BETTS, J. (concurring).  The case was sent to the jury by the learned trial court on the theory that, "if the proof warrants it, they were at liberty to return a verdict in favor of the plaintiff on the theory of the breach of contract of insurance," in pursuance of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the agreement to that effect. Under the careful charge of the court, the jury brought in a verdict for the plaintiff for the full amount claimed.

As bearing upon the question sent to the jury, the record shows no written revocation of the appointment of George H. Russell, or George H. Russell & Son, as agents of the defendant, though the certificate of appointment of both of them is in the record. A later certificate of appointment of Messrs. Rose & Kiernan as such agents was introduced in evidence and appears in the record; but that does not attempt to revoke the agency of either Russell or Russell & Son. One E. Stanley Jarvis testified that he was a special agent of the defendant, and was such special agent having charge of the agency of the defendant in Albany and vicinity in 1908; that he took up the agency of George H. Russell in 1905, and the authority of George H. Russell & Son was taken up in April, 1907. No authority of Mr. Jarvis to take up agencies, whatever that may mean, was shown, and the record shows that, so far as a written authorization was concerned, the Russells have it, and no written revocation is shown. In that connection it will be noted that the Russells resided in the city of Rensselaer, Rensselaer county, across from Albany, as did Walrath, and that Walrath testified that the Russells had an insurance office in the city of Rensselaer, and also in Albany. Kiernan, of Rose & Kiernan, resided in Albany; but it does not appear where Rose resided. The evidence also shows that the policy presented in evidence issued by the defendant to the plaintiff, and later canceled, had the name of the Russells on it. It also appears that the Russells were able to produce a policy issued by the defendant to take the place of the policy of the plaintiff that had expired. Whether their agency had been revoked or not, all these matters were before the jury to pass upon the question. Also whether the Russells remained the agents of the defendant at the time the policy was to be renewed—that is, May 15, 1908—was for the jury to pass upon.

No written notice whatever is brought home to the plaintiff of the revocation, if any existed, of the agency of the Russells for the defendant. On the contrary, the plaintiff had the bill sent by the Russells to him for the insurance policy in question, which bill has never been recalled by the Russells, or by any one, on behalf of the defendant or otherwise. All the alleged defects that the Russells testified they notified plaintiff that an inspector had found in his property existed in the residence, and not in the barn, and the fire loss was in the barn, and not in the residence. The residence did not burn. In Marshall v. Reading Fire Insurance Company, 78 Hun, 83, 29 N. Y. Supp. 334, affirmed in 149 N. Y. 617, 44 N. E. 1125, without opinion, the syllabus says:

"Where an insurance company, at the time of the revocation of the power of an existing agency, gave no public notice of the same, and left with the former agent policies in blank, signed by the company, such revocation is not effective as against a person subsequently insured in such company by such agent, in the absence of any proof that such revocation of authority was known to him at the time of the issuance to him of the policy."

While here it is not shown that the Russells had any policies of the defendant, still, when desired, they produced a policy of the defendant for the plaintiff, and the plaintiff denies that he knew of any revocation of the authority of Russells to act as agents for the defendant. See, also, Hicks v. Assurance Company, 162 N. Y. 284, 56 N. E. 743, 48 L. R. A. 424.

In Manchester v. Guardian Assurance Company, 151 N. Y. 88, 45 N. E. 381, 56 Am. St. Rep. 600, the insured had conveyed his property to another person, and transferred existing insurance upon such real estate to the purchaser. The general agent of the defendant Assurance Company had been notified of the transfer, and requested to go to the bank, where the policy was, and make the necessary indorsement upon it, which the agent agreed to do, but did not do. A loss occurring, it was said:

"That an agent of a fire insurance company, who was authorized to negotiate contracts of insurance, and to fill up and deliver policies executed in blank, left with him for that purpose, had authority to make a parol preliminary contract to issue a policy, and that the recovery of the amount agreed to be insured was the proper measure of damages for the breach of such a contract."

And, farther, that as it was—

"quite probable that the plaintiffs were prevented from procuring other insurance by reason of their reliance upon the agreement of the defendant to make the proper indorsement upon the policy,  *  *  *  the case falls within the principle upon which the doctrine of equitable estoppel is founded, and the defendant should be precluded from claiming a forfeiture of the policy on the ground of the absence of such an indorsement."

I think the judgment should be affirmed, with costs.

HOUGHTON, J. (dissenting). A former judgment, obtained by the plaintiff against this defendant on the theory that a policy of fire insurance had been issued and delivered by the defendant, was reversed by this court (139 App. Div. 407, 124 N. Y. Supp. 54) on the ground that the facts proven did not warrant a recovery. Without any amendment of the complaint before trial, another verdict has been obtained on the theory that there was a breach of an oral contract to issue a policy of insurance. At the outset of the second trial the defendant protested that the complaint was insufficient to warrant a recovery on this theory, and made proper objection to the introduction of evidence tending to establish such a cause of action. The learned trial court held that, notwithstanding the allegations with respect to the issuing of a policy, sufficient facts were pleaded to authorize a recovery upon breach of an oral contract to issue a policy.

The material facts in controversy are the same as those appearing on the first trial, and they are stated by me in my former opinion, and it is unnecessary to repeat them. I cannot assent to the proposition that the complaint states facts sufficient to warrant a recovery of damages for breach of an oral contract to issue a policy of insurance. The complaint is clearly based upon an actual policy, which is repeatedly referred to therein. It is alleged that a policy was

issued by the defendant, and its number is given, its delivery to the mortgagee is stated, and fraudulent concealment of its surrender complained of. Nowhere in the complaint is it specifically alleged that the Russells, former agents of the defendant, expressly agreed to issue a policy. It is only alleged that the Russells were notified that the plaintiff desired a renewal, and that he "accepted" such renewal, which was alleged to be the policy described by number. It cannot be said that recovery was had only on the theory of breach of an oral contract to deliver a policy, as distinguished from an agreement to issue a policy, for such a contract alone would not be sufficient, because it involves and presupposes a prior valid oral agreement to issue one.

The plaintiff cannot succeed on his present theory, unless his complaint states a cause of action to recover for a breach of an oral contract to issue a policy of insurance. Such a contract, in my opinion, is not pleaded. A plaintiff is not permitted to prove and recover upon a wholly different cause of action than that stated in his complaint, where seasonable objection is made by the defendant. Northam v. Dutchess County Mutual Ins. Co., 177 N. Y. 73, 69 N. E. 222; Hill v. Weidenger, 110 App. Div. 683, 97 N. Y. Supp. 473. In such a case the pleadings cannot, after the trial, be amended so as to conform to the proof, whether the defendant was misled or not. Southwick v. First National Bank of Memphis, 84 N. Y. 420.

But, if it be assumed that the complaint properly sets forth a cause of action for breach of an oral contract to issue a policy of insurance, still I think the plaintiff is not entitled to recover. Confessedly the Russells were not agents of the defendant company when the plaintiff thought they were procuring a renewal of his policy, and they had not been such agents for a year or more. I cannot subscribe to the doctrine that they continued to be agents of the defendant company as to this plaintiff until he was notified that they had ceased to be such. Of course, it is a rule of law that, where one has constituted another his agent, those accustomed to deal with him as such may continue to do so until they have notice that his authority is revoked; but it cannot be that such rule applies to the customary dealings between fire insurance agents and persons applying for insurance policies. Ordinarily such agents represent several companies at the same time, and distribute risks amongst them as they may secure applications for insurance. An agent often ceases to represent a certain company and takes the agency for another one. The usual course of dealing is for the person desiring insurance to apply to the agent, and he selects the companies, unless a special company is demanded. When a policy expires, the agent issues without application another in its place. Such renewal insurance may be in the same company originally insuring, or it may be in another. Policies of all companies are alike under the law, and the only anxiety of the insured is that a solvent company be selected. The insured may expect that a renewal will be by the same company that insured his property originally; but he does not regard that as a necessity, nor usually demand it. Such was the manner

of doing business between the Russells and this plaintiff. The former policy issued by this defendant was about expiring. The Russells of their own motion set about getting a renewal. They had ceased to represent the defendant, and applied to the agents who had succeeded them. They secured a policy, which the defendant refused to sanction, and before it became operative it was recalled. From the bill sent him, plaintiff supposed they had secured a renewal policy from the defendant company; but he did not demand that the renewal insurance should be by the defendant company, and did not make any express bargain with the Russells that they should issue a policy of the defendant company. The Russells were really acting for the plaintiff in securing the renewal insurance, and led him to believe, if his testimony be true, that they had secured it; but that fact did not justify the plaintiff in selecting the defendant company as the company which the Russells had orally agreed to bind, if they made any oral agreement to issue any policy. The plaintiff might with equal propriety have picked out, to hold liable for his loss, any other company for which they were agents. The only reason he selected the defendant company, apparently, was that the Russells had attempted to obtain a policy for him in the defendant company through Rose & Kiernan, its agents, and had in fact succeeded in having one written by them, but which was not accepted by the company, and of which fact the Russells failed to notify the plaintiff. If there be any cause of action, it lies against the Russells, and not against this defendant.

I therefore vote for a reversal of the judgment.