(78 Misc. Rep. 303.)

### MORRISS v. HOME INS. CO.

(City Court of New York, Trial Term. November, 1912.)

1. INSURANCE (§ 96*)—BROKERS—REPRESENTATION.
   A broker, who is employed to secure insurance, is the agent of the insured, and not of the insurer.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 126; Dec. Dig. § 96.*]

2. INSURANCE (§ 103*)—BROKERS—AUTHORITY TO DEAL WITH POLICY—NOTICES.
   Possession of a policy is the test of an insurance broker's authority as to what he may do therewith, and as to what notices may be held binding on the insured, when sent to the broker before delivery of the policy to insured.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 130; Dec. Dig. § 103.*]

3. INSURANCE (§ 102*)—BROKERS—AUTHORITY—DELIVERY OF POLICY.
   After delivery of a policy by a broker to insured, his authority to deal with the insurance ceases.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 102.*]

4. INSURANCE (§ 136*)—FIRE POLICY—DELIVERY—VALIDITY.
   Plaintiff applied to a broker to effect certain insurance for him; the broker agreeing to do so on the understanding that it was to be a cash transaction. The binder for the insurance was issued, but never physically delivered to plaintiff. The broker demanded his premium, and, not having received it, returned the policy as "not wanted," and it was can-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

celed, nor had plaintiff paid the premium when the property was thereafter burned. *Held,* that the broker's possession of the policy was not a delivery to plaintiff, as against the insurer, and, the broker having authority to return the policy, on which he had a lien for his premium, plaintiff cannot recover thereon.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 219-230; Dec. Dig. § 136.*]

Action by Isidor M. Morriss against the Home Insurance Company. On motion to set aside an order dismissing the complaint after trial. Denied.

Herman B. Goodstein, of New York City, for plaintiff.

Richards & Richards, of New York City (Frank Sowers, of New York City, of counsel), for defendant.

GREEN, J. This is a motion to set aside an order dismissing the complaint after the trial of the action. The action is brought to recover upon a fire insurance policy issued by the defendant, but as claimed by defendant, never delivered to the plaintiff.

[1-3] Plaintiff authorized one Dannenberg, an insurance broker, to procure certain fire insurance for him. It was their first transaction. Dannenberg testified that he told the plaintiff it was to be a cash transaction—"C. O. D.," as he expressed it—and that he wanted the premium paid before he delivered the policy. The policy of insurance was obtained from the defendant company by the agent, Dannenberg, and was never physically delivered at any time to the plaintiff. The broker, Dannenberg, demanded his money or premium, and, not having received it, about a month thereafter, he returned the policy to the company as "not wanted" and for cancellation. A fire occurred in plaintiff's premises some months later, and plaintiff now claims that the delivery of the policy by the company to Dannenberg was a delivery, and that the agent had no right or authority to cancel the same. It is well settled in this state that a broker, who is employed to secure insurance, is the agent for the insured, and not for the company (Northrup v. Piza, 43 App. Div. 284, 60 N. Y. Supp. 363, affirmed 167 N. Y. 578, 60 N. E. 1117), and the possession of the policy seems to be the test of authority on the part of the agent as to what he may do therewith, and as to what notices may be held binding on the insured, sent to the agent *before* delivery of the policy to the insured (Stone v. Franklin Fire Ins. Co., 105 N. Y. 543, 12 N. E. 45; Karelsen v. Sun Fire Office of London, 122 N. Y. 545, 25 N. E. 921; Ikeller v. Hartford Fire Ins. Co., 24 Misc. Rep. 136, 53 N. Y. Supp. 323; Walrath v. Hanover Fire Ins. Co., 139 App. Div. 407).[1] However, *after* delivery of the policy of insurance to the assured, the broker's authority cannot be held to continue in reference thereto. Hermann v. Niagara Fire Ins. Co., 100 N. Y. 411, 3 N. E. 341, 53 Am. St. Rep. 197; Healy v. Insurance Co. of Penn., 50 App. Div. 327, 63 N. Y. Supp. 1055; Ikeller v. Hartford Fire Ins. Co., 24 Misc. Rep. 138, 53 N. Y. Supp. 323.

[4] In the case at bar the testimony is uncontradicted; in fact, it is

conceded that the plaintiff never paid the premium to the agent, never saw the policy of insurance, and that he never had it physically delivered to him. His contention is, however, that, the agent having a credit with the defendant company, and the policy having been issued by the company and delivery made to the agent, such delivery to the agent constituted a delivery to the plaintiff as against the defendant, irrespective of any agreements between the agent and the assured, and that consequently the agent had no right or authority to return the policy for cancellation because the premium had not been paid. The "binder" for the insurance was issued November 2, 1911, the policy was returned or canceled December 4, 1911, and the fire took place on April 24, 1912. During all this period the premium had been unpaid and never was paid, although the agent demanded the premium and stated to plaintiff that unless it was paid he would return the policy to the company. During all this time the broker was assuredly the agent for the plaintiff. The policy had not been delivered to him by the agent; the agent had a lien on the policy for his premium. He stated that it was a cash transaction. He certainly had control over the policy, and it would be manifestly unjust to the defendant, in view of the return of the policy by plaintiff's agent, to hold upon such a state of facts that the agent was without authority to return the policy for cancellation. Legal delivery of the policy is an essential element to its existence as an enforceable contract (Walrath v. Hanover Fire Ins. Co., 139 App. Div. 407, 124 N. Y. Supp. 54), and I am of the opinion in this case that there was no delivery of the policy in question sufficient in law to bind the defendant, and for that reason I conclude that the dismissal of the complaint at the trial was proper.

The motion to set aside the dismissal of the complaint and for a new trial is therefore denied.

Motion denied.