## NATIONAL UNION FIRE INS. CO. v. AKIN.

(Court of Civil Appeals of Texas. El Paso. Nov. 6, 1913. Rehearing Denied Nov. 26, 1913.)

1. INSURANCE (§ 668*) — CANCELLATION OF POLICY—EFFECT OF DIRECTION.

Where insured directed the cancellation of a policy containing the usual cancellation clause, and the agents, instead of canceling it, wrote him concerning the reason why they were obliged to charge an increased premium, and stated that the policy would be canceled if he would send it to them, but not otherwise, it cannot be held, as a matter of law, that insured's letter operated as a cancellation without action on the part of the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

2. INSURANCE (§ 665*)—ACTIONS—POLICIES.

In an action on an insurance policy, where the defense was cancellation, the finding of the court that the minds of the parties had not met on cancellation *held* supported by the evidence.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Henry R. Akin against the National Union Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

L. B. Moody, of Houston, for appellant. Andrews, Ball & Streetman, of Houston, for appellee.

HARPER, C. J. This suit was filed in the district court to recover the sum of $2,500 under a policy of insurance against loss by fire of certain household goods. Plaintiff alleged the issuance of the policy February 4, 1910, for one year, on the property while located in a warehouse at Houston. No premium was paid, but credit therefor extended; premium tendered in suit. The property was totally destroyed September 26, 1910, resulting in a loss of $6,000. Notice of loss was given, and proofs of loss were furnished in accordance with the policy. Defendant denied liability November 12, 1910. Itemized list of the property and copy of the policy were attached to the petition. The defenses relied upon were: (1) A general denial; (2) that the policy had been canceled prior to the fire, and was not in force at the time of the fire. By supplemental petition, plaintiff alleged that the policy was issued on a recited consideration of $33.75, and contained a clause providing for ascertainment of the correct premium which plaintiff was obligated to pay; that after the policy had been in force several months the insurance agent demanded as premium much more than $33.75; that plaintiff thought the demand excessive, and did write a letter ordering the policy canceled, but the agent wrote, declining to cancel unless the policy was returned; that plaintiff did not return the policy, intended to pay the premium, and thought the policy was still in force, and defendant is estopped to claim cancellation. By supplemental answer, defendant alleged that, if plaintiff ever changed his mind about the policy having been canceled, he did not advise defendant of such change, and defendant had no knowledge or information of any such change in plaintiff's mind. A trial was had before the court without a jury, which, on July 23, 1912, rendered a judgment in favor of plaintiff for $2,090.20. Motion for a new trial was filed, presented, and overruled. Exceptions were taken, and notice of appeal given. Findings of fact and conclusions of law were requested by defendant, and were filed. Appeal bond was filed.

Appellant, under its first and second assignments of error, and the several propositions thereunder, urged that the court erred in rendering judgment for plaintiff (below), because the undisputed evidence shows that the policy had been canceled by request of the plaintiff.

The policy upon which the action was based contained the usual clause, viz.: "This policy shall be canceled at any time, at the request of the insured, or by the company. * * * If this policy shall be canceled as hereinbefore provided, * * * the unearned portion of the premium shall be returned," etc.

The court made the following findings of fact:

"(1) I find that on the 4th day of February, 1910, the defendant, through its local agents at Houston, Texas, W. H. Kirkland & Co., issued its policy of fire insurance, a copy of which is attached to plaintiff's third amended original petition in this cause. Said policy was by said agents mailed to the plaintiff. Some time in June, 1910, the agents of defendant sent to the plaintiff a statement of the amount due as premium upon said policy; said statement showed an amount considerably larger than the amount of premium stated in the face of the policy. Thereupon, on the 16th day of July, 1910, plaintiff wrote said agents the following letter: 'Oakwoods, Texas, July 16th. W. H. Kirkland & Co., No. 217 1st Nat. Bk. Bld.—Gentlemen: As I will move my furniture up here, you may cancel my policy at once. Why should you wait until June 30 to advise me there would be additional charge in rate commencing June 13th; that is your loss, not mine. If you will send me statement of policy earnings under first rate made to me up to date you receive this letter, not later than July 20th, will send you check for same. Cancel policy after July 20th, 1910. Yours truly [Signed] Henry R. Akin.'

"Said agents received said letter and replied to the same on the 18th day of July, 1910, as follows: 'Mr. H. R. Akin, Oakwoods, Texas—Dear Sir: We have received your letter dated July 16th, requesting that we cancel policy on your household goods effective July 20th, and, if you will kindly return us this policy. we will cancel same as of that date. In reference to the additional premium charged you, we beg to say that we made this charge strictly in accordance with the present insurance laws of the state which went into effect January 1st, 1910. The state rating board have published a rate on the building containing your property, and according to the law we are forced to assess this rate from the time the policy was written. It does not matter whether we made the indorsement on June 14th or May 14th; the additional charge runs from date to expiration, and it is necessary for us to collect the premiums in accordance with the published rate or cancel the policy. We fully appreciate the fact that the rate on this warehouse is unreasonably high, and, if you had known what this rate was in February, that you probably would have carried your own insurance, or you would have put goods elsewhere. Unfortunately, however, it was,

one of the weak points of the law that we did not know what this rate was until the early part of June. We think very likely that this law will be repealed during the present week, and, if it is, this rate will no doubt be materially reduced, and the earned premium on your policy will be correspondingly smaller. We beg to assure you we will not charge you any more than is absolutely necessary. Yours very truly, W. H. Kirkland & Co.'

"Plaintiff did not reply to said letter from said agents, but was satisfied with the explanation therein made as to the amount of the premium, understood from said letter that said policy would not be canceled unless he returned it to said agents, kept said policy in his possession, and procured no other insurance, which he would have done if he had not believed said policy to be in force. Subsequently, on August 10, 1910, said agents wrote to plaintiff the following letter: 'Mr. H. R. Akin, Oakwoods, Texas—Dear Sir: Will you please return us promptly National Union Policy No. 10691, covering on your household goods. You wrote us some time ago that you desired to cancel this policy; but it is impossible for us to do so until you return it. Awaiting your reply, we are, yours truly, W. H. Kirkland & Co.'

"Plaintiff received this letter, and was confirmed thereby in his belief that said policy would not be canceled unless he returned it. He did not return said policy after the receipt of this letter, and afterwards, on or about September 26, 1910, the property described in said policy was destroyed by fire, while situated as described in said policy.

"I find that the value of the property covered by said policy which was destroyed by said fire was $1,917.63. On November 21, 1910, the defendant denied all liability under said policy."

The defendant relied upon the letter from Akin to the company being a revocation of the policy of insurance which is the basis of the recovery in this case, urging in its several propositions that, as a matter of law, the letter set out in full above from plaintiff (below) to the insurance company rescinded the policy of insurance without any action being necessary upon the part of the company (defendant).

[1] The courts have held that, when similar letters, accompanied by a return of the policy, were written to the insurers, and even where not accompanied by a delivery of the policy, the insurance was rescinded, and policy canceled, without action upon the part of the insurance company (Stone v. Insurance Co., 105 N. Y. 543, 12 N. E. 45), and, if this case rested with no other attendant circumstances, we would not hesitate to so hold and render this case; but we have a very different state of facts in this record.

The letter of Akin to the company was a clear and unqualified instruction to cancel

the policy on July 20, 1910, and, if there had been no further correspondence between the parties, the effect would have been to cancel the policy (Springfield F. & M. Ins. Co. v. McKinnon & Call, 59 Tex. 507); but in reply to this letter from the assured the agent of the company explains that the rate in Texas is fixed by the state rating board for all companies doing business in Texas, and further expressly informed him that, "If he would return the policy, we will cancel same of that date," and, again, in a letter of later date, the agent of the company informs the assured that "it is impossible to cancel the policy until it is returned."

[2] Then it became a question of fact, to be determined by the trial court, whether or not the minds of the parties ever met definitely upon a cancellation of the policy, and, this question having been decided in the negative, and this court concluding that the facts warranted such finding, the cause must be affirmed, and it is so ordered.