■ M & M JEWELRY CREATIONS, INC., Respondent, v. HARTFORD FIRE INSURANCE COMPANY, Appellant.— Order entered September 22, 1965 granting summary judgment for the plaintiff against defendant Hartford Fire Insurance Company, and directing an assessment of damages, unanimously reversed, on the law, with $50 costs and disbursements to abide the event, and the motion for summary judgment denied. That portion of the order denying the cross motion to preclude is unanimously affirmed, without costs or disbursements, and with leave to renew. The plaintiff seeks to recover under a jeweler's block insurance policy, issued to it by the defendant Hartford Fire Insurance Company. It is Hartford's position that the policy was orally cancelled by the plaintiff prior to the time of the alleged theft and that, therefore, there was no coverage. The plaintiff responds by denying such cancellation and asserting that even if such cancellation were attempted in the manner set forth, it would be ineffective because of the policy requirement that such cancellation of the policy by the insured be in writing. It seems, however, that such requirement was for the benefit of the insurer and might be waived by it. (*Degnan* v. *Metropolitan Life Ins. Co.*, 178 Misc. 312; see, also, 16 Appleman, Insurance, § 9210.) Consequently, a triable issue of fact is raised whether, indeed, such alleged cancellation conversation was had. Moreover, if it should be found that there was coverage, there is a triable issue as to whether a theft did take place. While it may be said that the affidavits submitted by Hartford in response to the motion for summary judgment were insufficient to raise that issue, yet the motion may not be granted because the papers upon which the plaintiff moved were wholly inadequate to support its application. None of the affidavits submitted were made by a person having personal knowledge of the circumstances. Accordingly, the order granting summary judgment must be reversed. Concur — Breitel, J. P., Rabin, Stevens, Capozzoli and Bastow, JJ.

■ MURIEL PELUSO, Respondent, v. METROPOLITAN NEWS Co. et al., Appellants.— Order, entered on February 19, 1966, in a personal injury negligence action, granting plaintiff-respondent's motion to set aside as inadequate a jury verdict in her favor for $5,000 and directing a new trial on the issue of damages only, unanimously reversed on the law, the facts, and in the exercise of discretion, without costs or disbursements to any party and the motion is denied, the jury verdict is reinstated and judgment is directed to be entered thereon. In this action to recover damages for injuries to plaintiff's neck and spine resulting from an automobile accident, an issue of fact was submitted to the jury concerning the nature and extent of the claimed injuries causally related to the accident. The jury was entitled to believe that she sustained no injury more serious than a cervical radiculitis and that the subsequent treatment was either unnecessary or related to conditions not connected with this accident. Consequently, it cannot be said that their award of $5,000 was grossly inadequate (*Cesario* v. *Demetria Realty Corp.*, 250 App. Div. 272). Concur — Botein, P. J., Breitel, McNally, Steuer and Bastow, JJ.