Albert Lehmann, Individually and Doing Business as A. F. Lehmann Construction, Respondent, v Paul J. Engel, Defendant, and Continental Casualty Company, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered September 13, 1982 in Albany County, which denied a motion by defendant Continental Casualty Company for summary judgment dismissing the complaint. Defendant Paul J. Engel, a land surveyor, was insured by defendant Continental Casualty Company for professional malpractice under a "claims made" policy for the period commencing

June 26, 1977 and ending June 26, 1978. On January 1, 1978, Engel orally asked Rose & Kiernan Agency, his broker, to cancel the policy. On February 6, 1978, the latter wrote to Victor O. Schinnerer & Company, Inc., Continental's underwriter with authority to cancel such policies, requesting cancellation. The underwriting firm explained to Rose & Kiernan the consequences of discontinuing the policy and also advised that the earliest date the policy could be canceled was February 6, 1978, the date of the broker's request. Rose & Kiernan's response of February 23, 1978 sought cancellation as of February 6, 1978. Earlier in January, 1978, Engel had sued Albert Lehmann to recover unpaid bills. In that suit, a counterclaim charging Engel with negligent performance of professional work was interposed by Lehmann on February 23, 1978. Some 10 months later, Continental was made aware of this claim and, when it disclaimed any duty to defend or indemnify Engel, Lehmann then commenced this declaratory judgment action seeking a declaration that Continental was obliged to defend and indemnify Engel. Continental's motion for summary judgment dismissing the complaint because the claim was not made while the policy was in effect and was not reported during the life of the policy or during the 60-day grace period was denied and this appeal followed. We reverse. The "claims made" policy in question by its terms applies only to errors, omissions or negligent acts that occur on or after its effective date "provided that claim therefor is first made against the insured during this policy period and reported in writing to the company during this policy period or within 60 days after the expiration of this policy period". Cancellation of the policy can be achieved "by the named insured by mailing to the company written notice stating when thereafter such cancellation shall be effective". Here, cancellation was realized on February 6, 1978 when Rose & Kiernan, at Engel's behest, wrote to Continental's underwriting representative requesting that the policy be terminated (*Nobile v Travelers Ind. Co.,* 4 NY2d 536, 540-541; *Matter of Country-Wide Ins. Co. v Wagoner,* 57 AD2d 498, 502-503, revd on other grounds 45 NY2d 581). No affirmative act on the part of the insurer was required (*Gately-Haire Co. v Niagara Fire Ins. Co.,* 221 NY 162; *Crown Point Iron Co. v Aetna Ins. Co.,* 127 NY 608, 616). That being so, if, as plaintiff Lehmann maintains, Rose & Kiernan was Continental's agent rather than Engel's, coverage ended not on February 6, 1978 as Continental urges, but even earlier, namely in January, 1978 when Engel orally notified Rose & Kiernan of his desire to cancel the policy. Plaintiff's assertion that the cancellation was significantly defective and not in accordance with the policy's terms for it failed to contain a definite date on which the cancellation was to become effective is unpersuasive. It is undisputed that the February 6, 1978 letter from Rose & Kiernan to Continental was sent on Engel's behalf and that it contained the following prescription: "Please cancel and allow minimum credit for balance of term". These words "could mean nothing except a direction to the carrier that the cancellation be as of that date" (*Nobile v Travelers Ind. Co., supra,* p 541). Finally, Continental's letters to Engel dated January 5 and January 9, 1979, asking for details respecting the claim being made against him by Lehmann and advising that investigation thereof would be assigned to a claim representative who would personally contact Engel in the near future, does not equate to a waiver of Continental's right to assert the defense of lack of coverage. Furthermore, where the issue is the existence or nonexistence of coverage, the doctrine of waiver is inapplicable (*Schiff Assoc. v Flack,* 73 AD2d 329, 333). Inasmuch as the policy was canceled as of February 6, 1978 and no coverage existed when Lehmann's claim was filed on February 23, 1978, we find it unnecessary to rule on the other issues presented. Continental is accordingly entitled to summary judgment dismissing the complaint and a declaration that it has no obligation to defend or indemnify

Engel. Order reversed, on the law, without costs, motion granted, complaint dismissed, and it is declared that Continental Casualty Company has no obligation to defend or indemnify Paul J. Engel regarding the counterclaim asserted against Engel by Albert Lehmann. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.