■ MARGARET BELLINA, as Administratrix of CHARLES C. BELLINA, Respondent, v DANIEL J. BELLINA et al., Defendants, and LAWRENCE J. FELL AGENCY, INC., et al., Appellants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.

— Judgment affirmed, with costs. Memorandum: On our review of the record we conclude that the evidence fully supports the findings of the trial court that Mrs. Bellina was not acting as Mr. Bellina's agent, that she lacked actual authority to request cancellation of the insurance on Mr. Bellina's car and that Mr. Bellina did nothing to ratify her purported request for cancellation. Inasmuch as neither the insured nor anyone acting on his behalf effected cancellation "by mailing to the Company written notice" as provided in the policy or by transmitting an oral request (see *Matter of Country-Wide Ins. Co. v Wagoner,* 57 AD2d 498, revd on other grounds 45 NY2d 581), the policy was in force on the date of the accident.

The equitable doctrine of apparent authority has no application here where the sole question is whether the event required by the contract for cancellation (i.e., a request by the insured) took place. That doctrine may under some circumstances serve to bind the principal (because of unauthorized actions of the agent) as though the principal had consented when, in fact, he had not (see, generally, *Wen Kroy Realty Co. v Public Nat. Bank & Trust Co.,* 260 NY 84, 91; 2 NY Jur 2d, Agency and Independent Contractors, § 85, pp 532-533). It implies "a transaction which is itself invalid as beyond the actual authority of the agent, and a [principal] who is forbidden for equitable reasons to set up that invalidity" (2 NY Jur 2d, Agency and Independent Contractors § 85, p 533; see, generally, *Wen Kroy Realty Co. v Public Nat. Bank & Trust Co., supra,* p 91). When it appears that a third party has relied upon misrepresentations of the agent because of some misleading conduct of the principal, the doctrine may be invoked and the principal, though he has not consented to it, may be bound by the agent's unauthorized promise (see *Ford v Unity Hosp.,* 32 NY2d 464, 472-473).

Here, the question is not whether Mr. Bellina should be bound by some unauthorized promise or representation made by Mrs. Bellina and relied upon by the insurance company. The question is simply whether the policy has been canceled by the insured in accordance with its provisions and the governing case law, i.e., whether the required event for cancellation — the actual request from the named insured — has occurred. Proof of cancellation requires proof of the fact that the insured has transmitted the request (either himself or through an authorized agent) and nothing more, for the sole event which can effect cancellation is the unilateral act of the insured requiring no acceptance, act in reliance, or other conduct by the insurer (see *Hanover Ins. Co. v Eggelton,* 88 AD2d 188, affd 57 NY2d 1020; *Matter of Country-Wide Ins. Co. v Wagoner, supra; Nassau Ins. Co. v Lucas,* 101 Misc 2d 1024, affd 79 AD2d 892). The proof here is that the

required event for cancellation has not occurred (i.e., that Mr. Bellina has not made the request himself or through an authorized agent). That the insurer may have assumed that Mrs. Bellina was making the request on behalf of her husband (when in fact she was not) does not make it so. Thus, because the event required for cancellation had not occurred, the policy was in full force on the date of the accident (cf. *Matter of Country-Wide Ins. Co. v Wagoner, supra*).

All concur, except Doerr and Moule, JJ., who dissent and vote to reverse and grant judgment, in the following memorandum.

Doerr and Moule, JJ. (dissenting). We respectfully dissent.

The trial court erred in declaring that plaintiff's insurance policy on a 1968 Chevrolet was not canceled prior to a November 7, 1977 accident. The uncontroverted testimony at trial showed that Margaret Bellina had, on numerous occasions, conducted business with the Lawrence J. Fell Agency, Inc., an authorized agent for Fireman's Fund Insurance Company, at her late husband's instruction and on his behalf. This included: mailing and delivering certain premium checks, some of which she signed; making claims with respect to previous accidents; insuring a 1971 Datsun; and, later, canceling insurance on it and placing coverage on a 1968 Chevrolet; and picking up the insurance cards on it. Thus, even assuming that the trial court properly found that Margaret Bellina lacked actual authority to request cancellation of her late husband's automobile insurance policy, both because she was not an "insured named in item 1 of the policy declarations" and because she was not expressly authorized by him to request cancellation, she was nevertheless cloaked by him with sufficient "apparent authority" to bind him in her insurance dealings with the Fell Agency (*Crown Point Iron Co. v Aetna Ins. Co.,* 127 NY 608; *Standard Oil Co. v Triumph Ins. Co.,* 64 NY 85; *Lehmann v Engel,* 97 AD2d 675; cf. *Bank v Rebold,* 69 AD2d 481; 2 Williston, Contracts [3d ed, Jaeger], § 277; 30 NY Jur, Insurance, § 740).

A principal is bound to a third person by the act of his agent in excess of the latter's actual authority where the third person believes and has a right to believe that the agent was acting within and not exceeding his authority, and the third person would sustain loss if the act was not considered that of the principal (*Wen Kroy Realty Co. v Public Nat. Bank & Trust Co.,* 260 NY 84). Further, we would hold that the insurance cancellation Margaret Bellina requested orally in October of 1977 was effective immediately upon receipt by Fireman's Fund's authorized agent, the Fell Agency (*Gately-Haire Co. v Insurance Co.,* 221 NY 589; *Matter of Country-Wide Ins. Co. v Wagoner,* 57 AD2d 498, revd on other grounds 45 NY2d 581), despite that the

cancellation clause required that written cancellation was required to terminate the policy (*Matter of Country-Wide Ins. Co. v Wagoner, supra*). The policy requirement that cancellation by the insured be in writing is for the benefit of the insurer and may be waived by it (*M & M Jewelry Creations v Hartford Fire Ins. Co.*, 26 AD2d 816). (Appeal from judgment of Supreme Court, Niagara County, Ricotta, J. — declaratory judgment.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and Moule, JJ.