OPINION OF THE COURT
Evelyn Braun, J.
This is a breach of contract action in which the plaintiff has sued defendants Community Brokerage (hereinafter Community) and the Hartford Insurance Company (hereinafter Hartford) for improperly deleting collision coverage from the automobile insurance policy issued by Hartford on his 1987 Cámaro.
*600 On the trial of this matter it was determined by the jury, contrary to the defendant Community’s contention, that the plaintiff never instructed Community to delete collision coverage from the policy issued by Hartford through the New York Automobile Insurance Plan (NYAIP), more commonly referred to as the ” Assigned Risk” plan.
Accordingly, the broker acted without authority when it mailed a deletion request to the Assigned Risk plan which then forwarded it to Hartford. Hartford, did in fact delete collision coverage from the policy. An amended declaration dated March 30, 1988 with a retroactive effective date of March 23, 1988 deleting collision coverage was mailed by Hartford to the plaintiff. On April 1, 1988, the plaintiff’s vehicle was damaged by a hit-and-run driver while the vehicle was parked.
It is undisputed that on March 4, 1988, Community Brokerage acted as the agent of the plaintiff to procure a policy of auto insurance on his behalf, accepting a $500 deposit check from the plaintiff. "[T]he authority of a broker employed to procure insurance for his principal, such broker not being a general agent to place and manage insurance on his principal’s property, terminates with the procurement of the policy. * * * An agent to procure a contract, has no power to discharge it implied from the original authority merely. If he possesses that power, it arises from some actual or apparent authority superadded to the mere power to enter into the contract.” (Hermann v Niagara Fire Ins. Co., 100 NY 411, 415; Morriss v Home Ins. Co., 78 Misc 303.)
Clearly, in the case at bar, given the jury’s finding that the plaintiff never authorized the deletion of collision coverage, Community is liable to the plaintiff for effecting the deletion and ultimately failing to procure the full insurance coverage requested by the plaintiff. (Island Cycle Sales v Khlopin, 126 AD2d 516.)
With respect to the cause of action asserted against defendant Hartford, the issue before this court is whether Hartford was justified in relying upon what it contends was the apparent authority of Community to forward a deletion request on behalf of the insured plaintiff and ultimately acting upon such request. The court concludes that Hartford was not justified.
The doctrine of apparent authority may be invoked when it appears that a third party has relied upon misrepresentations of an agent because of some misleading conduct of a principal, *601 thereby binding such principal. In the case at bar, the principal, Mr. Belfrom, is not chargeable with any misleading conduct. (See, Ford v Unity Hosp., 32 NY2d 464, 472-473.)
The equitable doctrine of apparent authority has no application where the sole question is whether a request for a partial cancellation of coverage by the insured took place. Proof of a partial cancellation or deletion of coverage requires proof of the fact that the insured has himself or through an authorized agent, requested such a change in coverage (see, Bellina v Bellina, 105 AD2d 1074). "That the insurer may have assumed that [an agent] was making the request on behalf of [its principal] (when in fact [the agent] was not) does not make it so.” (Bellina v Bellina, supra, at 1076.)
Accordingly, this court finds that the policy of insurance was in full force and effect on the date of the accident and plaintiff may recover thereunder for the property damage to his vehicle.
Additionally, plaintiff shall be entitled to judgment in the sum of $1,738 for loss of use of his motor vehicle as determined by the jury.
Based on the foregoing the cross claim by Hartford against Community is dismissed with prejudice.