# THE

# NEW YORK SUPPLEMENT

## VOLUME 157

(93 Misc. Rep. 567)

COMMERCIAL CASUALTY CO. OF NEWARK, N. J., v. RICE et al.

(Supreme Court, Special Term, Erie County. February 2, 1916.)

1. INSURANCE ⬯230—CASUALTY INSURANCE—CANCELLATION—RETURN OF PREMIUM.

Where the insurer, pursuant to a right reserved in a policy of casualty insurance, cancels it, such insurer must return to the assured any unearned premium which it has received.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. ⬯230.]

2. INSURANCE ⬯230—CASUALTY INSURANCE—CANCELLATION—LIABILITY FOR PREMIUM.

Where the insurer, pursuant to a right reserved in a policy of casualty insurance, cancels it, the assured must pay to the insurer the premium earned and unpaid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. ⬯230.]

3. INSURANCE ⬯230—CASUALTY INSURANCE—CANCELLATION—COMPUTATION OF EARNED PREMIUM.

Where a policy of casualty insurance, not specifically providing for the method of arriving at the value of earned premiums in case of cancellation, under the right reserved to either party, and stating that the date of cancellation should be the end of the policy period, was canceled by the insurer after eight months, the equitable way to fix the amount of the premium earned by the insurer was to charge the assured the agreed premium for the full term, and then to deduct the amount of the unearned premium on a pro rata basis; the clause providing that the date of cancellation should be the end of the policy period being merely intended to limit the liability of the insurer to casualties happening prior to cancellation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. ⬯230.]

4. INSURANCE ⬯230—CASUALTY INSURANCE—CANCELLATION—COMPUTATION OF EARNED PREMIUM.

Where a policy of casualty insurance provided that premiums should be computed on a basis of the total amount of compensation paid by the assured to their employés, also providing that in case the assured terminated the policy the compensation for the full original policy period should be computed upon the basis of the compensation to date of cancellation, the court, upon cancellation by the insurer after eight months of the term, in its action to recover the premium due, was justified, to make proper adjustment between the parties, in assuming that for the

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

whole year compensation would be paid the employés of the assured at the same rate as for the eight months.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. 230.]

Appeal from City Court of Buffalo.

Action by the Commercial Casualty Company of Newark, N. J., against A. J. Rice and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Gibbons & Pottle, of Buffalo, for appellant.

Charles J. Staples, of Buffalo, for respondents.

WHEELER, J. The plaintiff, on the 8th day of March, 1912, issued to the defendants two policies insuring them against loss by casualty to employés during the period of one year. The premium agreed to be paid in the first of these policies was based upon the compensation to be paid such employés during the year. It was estimated such compensation would be $11,000 for the year, and the rate was 40 cents per $100. In and by the policy it was stipulated that if the entire compensation paid should exceed the estimated sum of $11,000, then the assured should immediately pay the company an additional premium at the rate of 40 cents per $100 on the excess. When the policy was issued the defendant paid the company $44 on the estimated compensation.

The second policy covered a different class of employés and contained substantially the same terms and provisions, except the rate of premium was to be 3 cents per $100 on the amount of compensation paid, and at the time it was issued $3.30 was paid as premium upon the estimated compensation of $11,000, and for all over that amount an additional sum at the same rate was agreed to be paid on the excess. These policies further provided that either the insurance company or the assured might at any time cancel the policies at their election.

It was stipulated on the trial that the insurance company did, on the 19th day of November, 1912, duly cancel and terminate the policies pursuant to the terms and conditions contained in them. The policies contained a clause or provision that in case the assured terminated the insurance *"the compensation for the full original policy shall be computed upon the basis of the compensation to date of cancellation, and the earned premium calculated at short rates in accordance with the table printed herein."* The policies, however, contain no clause stating how the premium earned shall be computed or ascertained where the insurance company itself cancels the policy, and the dispute in this action arises over the sums due or owing in this case, where the assured did not cancel, but the company terminated the policies.

It was stipulated on the trial that the total compensation paid employés from the date of the policies, March 8, 1912, to the day of their termination, November 19, 1912, was the sum of $15,222.57. The insurance company sued, claiming there was due and owing it a balance for premiums of $18.16. The defendants by answer, and by way of counterclaim, alleged and claimed there was due them by

reason of the policies a balance of $3.65. The court below awarded the defendants judgment for this sum, together with the costs of the action, whereupon the plaintiff appealed to this court.

[1] The cancellation having been made pursuant to the right reserved in the policies, neither party is put in default by reason of such cancellation. Nevertheless such cancellation cannot be made without the insurance company returning to the assured any unearned premium which it has received. Buckley v. Citizens' Ins. Co., 188 N. Y. 399, 81 N. E. 165, 13 L. R. A. (N. S.) 889; Tisdell v. New Hampshire Fire Ins. Co., 155 N. Y. 163, 49 N. E. 664, 40 L. R. A. 765; Nitsch v. Am. Central Ins. Co., 152 N. Y. 635, 46 N. E. 1149; Stone v. Franklin Fire Ins. Co., 105 N. Y. 543, 12 N. E. 45; Van Valkenburgh v. Lenox F. Ins. Co., 51 N. Y. 465; Gorge Hotel Co. v. Liverpool & L. & G. Ins. Co., 122 App. Div. 152, 106 N. Y. Supp. 732; Partridge v. Milwaukee M. Ins. Co., 13 App. Div. 519, 43 N. Y. Supp. 632, affirmed 162 N. Y. 597, 57 N. E. 1119; Marshall v. Reading Fire Ins. Co., 78 Hun, 83, 29 N. Y. Supp. 334.

[2] The converse of the proposition must be true, that if the assured has not paid the premium earned, the assured is still legally obligated to the company to pay such an amount. This is simple justice and equity.

[3] Where the contract of insurance does not specifically provide for the method or arriving at the value of earned premiums in cases of cancellation of the policy, the obvious equitable way of fixing the amount is to charge the assured the agreed premium for the full term, and then deduct therefrom the amount of the unearned premium on a pro rata basis. This method of arriving at a balance is absolutely fair to both parties, and seems to be the rule recognized by the court. Applying this principle of adjustment to the facts in this case, what is the sum by way of premiums with which the defendants are properly chargeable before they can claim a rebate for the term shortened by the cancellation by the insurance company?

It is stipulated that the compensation paid up to and including November 19th (practically eight months of the term) was the sum of $15,222.57. If the same rate of compensation were continued to be paid by the defendants to the end of the policy year, the total compensation to employés would have amounted to the sum of $22,833.85. By the terms of the first policy, the defendants were obligated to pay on the excess over $11,000 the further sum of $47.34, and on the second of the policies in question the further sum of $3.54, making in all, by way of additional premium, $50.87. This sum of $50.87 the policies would have earned over and above what was actually paid by the defendants at the time the policies were issued. If we add to this the amount of $47.30 paid at the time the policies were written, we have a total of $98.17, as the cost to the defendants of the insurance for the full year. This sum the defendants would have been required to pay when the policies were issued, had the amount of compensation to employés been known or definitely ascertainable. It, nevertheless, was the premium agreed to be paid for a year's insurance against casualties. As matter of fact, the policies were canceled by

the company after a life of eight months, so that the company on a pro rata basis is entitled to receive only two-thirds of the total yearly premium. From the sum of $98.17 should be deducted, therefore, for unearned premiums, one-third that amount, $32.72, leaving a balance of $65.45 as the eight months earned premium. The defendants, however, at the time the policies were issued, paid $47.30. This amount deducted from $65.45 leaves a balance still owing by the defendants to the company of $18.15, which is the amount the plaintiff sought to recover in the action.

[4] It may be urged that there is no evidence in the record showing the total compensation paid employés for the year did or would amount to the sum of $22,833.85. It is true the record is silent as to what the actual compensation paid amounted to, and the sum of $22,-833.85 is only reached by assuming that amount paid by way of compensation to employés would continue at the same rate for the balance of the year. We think that, for the purposes of making the proper adjustment between the parties, we are justified in the assumption. The policies in question expressly provide that in case the assured had terminated the policies *"the compensation for the full original policy period shall be computed upon the basis of the compensation to date of cancellation."* While in this case the cancellation was by the company, and not by the assured, nevertheless the policies furnish a ready and convenient method of arriving at the amount of yearly compensation to which both parties assented. We need only invoke the homely adage that "it is a poor rule which does not work both ways." Certainly it seems equitable to figure on the basis followed, in the absence of positive evidence of the amount actually expended. We therefore think the trial court erred in rendering judgment for the defendants instead of for the plaintiff.

We have carefully considered the opinion of the court below in disposing of this case. The judge presiding at the trial in the court below appears to have based his decision on the wording of clause K of the policies, relating to cancellation, wherein it is stated, *"The date of cancellation shall then be the end of the policy period,"* and concludes that, in view of such language, the premium to be paid must be computed entirely on the compensation paid employés up to November 19th, to wit, $15,222.57, without regard for the compensation paid for the whole year. In this we think the court below was in error, and that all that was intended by the words *"The date of cancellation shall be the end of the policy period"* is that the liability of the insurance company under the policies was by the terms limited to casualties happening prior to the date of cancellation. For such purposes the time between the date of issue and that of cancellation became "the policy period." We need only revert again to the language of the policies already quoted, that where the assured terminates the policy *"the compensation for the full original policy period shall be computed upon the basis of the compensation to date of cancellation."* This clearly indicates that, for the purpose of adjustment, the entire yearly compensation is to be taken into consideration, and not simply the compensation to the date of cancellation.

We are of the opinion the judgment of the court below should be reversed, and a new trial granted. So ordered, but without costs of this appeal to either party.

---

## BALTIMORE & O. R. CO. v. LOWENSTEIN.

(Supreme Court, Appellate Division, First Department. January 21, 1916.)

1. SALES ⟨key⟩2—CONTRACTS—WHAT LAW GOVERNS.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 2; Dec. Dig. ⟨key⟩2.]

2. EVIDENCE ⟨key⟩80—PRESUMPTIONS—FOREIGN LAW.

    Such law of the place will be presumed to correspond with the common law of the state, without proof to the contrary.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. ⟨key⟩80.]

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 358–366; Dec. Dig. ⟨key⟩153.]

4. SALES ⟨key⟩153—ANTICIPATORY BREACH—LIABILITY.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 358–366; Dec. Dig. ⟨key⟩153.]

Appeal from Appellate Term, First Department.

