CALEDONIAN FIRE INSURANCE COMPANY v. SHEPHERD.

[71 South. 314.]

1. PLEADING. *Replication. Departure. Insurance. Liabiilty of insured. Defence. Conditions of policy. Waiver.*

In a suit on a fire insurance policy, the replication of the plaintiff, setting up a waiver of the additional insurance clause of the policy, an alleged breach of which was pleaded in bar by the defendant is not a departure from the declaration.

2. FIRE INSURANCE. *Liability of insured. Defence.*

That the agent of a fire insurance company, at the time he consented to additional insurance, may not have complied with section 2627, requiring every agent to obtain a certificate showing that he is the duly authorized agent, cannot be availed of by the company to avoid its liability under the policy.

3. FIRE INSURANCE. *Condition of policy. Waiver.*

A waiver by an insurer of one of the provisions of a policy after its issuance is not within section 2597, Code 1906, providing that the rules of the company shall not be considered as a warranty or a part of the contract except so far as they are incorporated in full into the policy, and that the conditions of the policy shall be stated in full therein, so that a written waiver in the policy is unnecessary.

APPEAL from the circuit of Hinds county.

HON. W. H. POTTER, Judge.

Suit by Nora Shepherd against the Caledonian Fire Insurance Company. Judgment on peremptory instruction for plaintiff and defendant appeals.

This is an appeal from a judgment based on a peremptory instruction for the appellee, who was the plaintiff below, in her suit against the appellant for the proceeds of a fire insurance policy covering her residence in the town of Utica. The People's Bank of Utica conducted a fire insurance agency, and it was the custom of the cashier of said bank to act as agent of the various fire insurance companies operating through the agency. On February 16, 1913, one Price was the cashier of said

bank, and, acting as agent of the appellant and other insurance companies, delivered to the appellee a policy of insurance for the sum of one thousand, three hundred dollars and collected from appellee the premium thereon. On April 10, 1913, Price resigned as cashier, and one Cook succeeded him and assumed the duties of the cashier of the bank and took charge of the insurance agency, and at once notified the general office of the appellant at New York of the change, and advised the company that he had charge of all the books, blanks, and other supplies of the company, and asked that the agency be transferred from Price to Cook. Replying to this letter, the New York office advised Cook that the matter had been referred to their general agent, one Burke, of Atlanta, Ga., who would communicate with him. On May 2d, Burke wrote the following letter to Cook:

"Caledonian Insurance Company.

"Atlanta, Georgia, May 2, 1913.

"Mr. R. F. Cook, Utica, Miss.—Dear Sir: Your letter of April 22d, asking that we transfer the agency from our former agent, W. H. Price, to yourself has been referred to me. In this connection, I wish to advise that Special Agent C. R. Bartley, who is now in Mississippi, will call on you in the near future. In the meantime, this letter will be your authority to act as our agent, pending Mr. Bartley's arrival. I wish to call your attention to the fact that the company wrote our former agent on April 17th, requesting cancellation of policy 2,231,321—Buckner, but have not as yet received this policy. Will you therefore be good enough to see that the same is properly returned canceled.

"Yours very truly,

"Norman D. Burke, General Agent."

After the receipt of the above letter by Cook, appellee called on him at the bank and stated that she desired three hundred and fifty dollars additional insurance on her said residence, and called attention to the fact that her policy in the appellant company had been left by her

at said bank with Mr. Price, the former cashier, for safe-keeping. Cook stated to appellee that she could have the additional three hundred and fifty dollars insurance, and that he would issue the policy for her in some one of the companies represented by his agency, and that he would indorse the written permission upon the policy in the appellant company, which was then in his possession and under his control. On the 8th day of May, 1913, one Bartley, the special agent of the appellant company, went to Utica, and took up all blank policies in the hands of Cook, and took up his letter of authority and instructed him to write no new business in the company, but left in his control and possession the policy register, containing the list of outstanding policies, with indorsements thereon and other blanks and supplies. Bartley did not tell Cook what he would do in reference to outstanding policies, but that he would communicate with him later, but he did not cancel any outstanding policies. On May 14, 1913, Cook issued to appellee another policy of insurance for the additional amount of three hundred and fifty dollars in another company, and made a written indorsement on the original policy in the appellant company, using one of the forms left with him by Bartley, the special agent, and on the same day he wrote the appellant at the New York office the following letter:

"People's Bank, Utica, Mississippi,
"May 14, 1913.

"Caledonian Insurance Company, New York, N. Y. — Gentlemen: Inclosed you will find duplicate of indorsement on policy No. 2,231,318, for Mrs. Nora Shepherd. Also three indorsements for your execution, to take the place of my temporary indorsement and notification.

"Yours very truly,              R. F. COOK."

On the night of May 19, 1913, the property burned. The appellant denied liability, and this suit followed.

To the declaration filed by appellee, the defendant filed a special plea, alleging that, after the resignation of Price, its former agent, Cook, who had assumed to act

for it, was never its agent, and that when he made the indorsement on the policy on May 14, 1913, permitting the additional insurance, he was not the agent of appellant and never had been its agent, and that on May 8th, appellant through its special agent had terminated all authority which he may have had, if any, to represent the company. To this special plea appellee filed a replication, which set out in detail the manner in which the agency was operated through the bank by its cashier, and the issuance of the policy through Price, and the action taken by the company after Price's resignation, and that Cook had authority to act when he agreed with appellee to the additional insurance, and advised her that he would make the indorsement on the policy previously issued in the appellant company, and that the appellee dealt with Cook and took out the additional insurance and paid the premium therefor, and that she had no notice that he was acting without authority, and that, as to her, appellant was estopped to deny his authority. Appellant demurred to the replication, and on the hearing after the testimony for both sides had been concluded, the court gave a peremptory instruction for plaintiff, from which an appeal was taken.

It is contended on appeal that the replication and the declaration are at variance, for the reason that the replication sets up the fact that Cook, acting as the agent of the appellant, gave permission to appellee for the additional insurance to the amount of three hundred and fifty dollars whereas the declaration is simply a suit on the policy, which is made an exhibit thereto.

It is contended, also, that Cook had not complied with section 2627 of the Code, requiring every agent to obtain annually from the Commissoner of Insurance a certificate, showing that he is the agent of the company, and duly authorized to do business for it.

It was next contended that the agreement by Cook was not a part of the contract, and that he could not waive any

of the provisions of the contract, under the provisions of section 2597 of the Code as follows:

"In all insurance against loss by fire the condition of insurance shall be stated in full, and the rules and by-laws of the company shall not be considered as a warranty or a part of the contract except so far as they are in-corporated in full into the policy, and are not in conflict with this chapter."

*W. C. Wells* and *McLaurin & Armistead,* for appellant.

*Watkins & Watkins,* for appellee.

Smith, C. J., delivered the opinion of the court.

The replication of appellee, setting up a waiver of the additional insurance clause of the policy, an alleged breach of which was pleaded in bar by appellant, is not a departure from the declaration.

That Cook, at the time he consented to the additional insurance, may not have complied with section 2627 of the Code cannot be availed of by appellant to avoid its liability under the policy. *Insurance Co. v. Rust,* 141 Ill. 85, 30 N. E. 772; *Marshall v. Insurance Co.,* 78 Hun, 83, 29 N. Y. Supp. 334.

In our judgment, a waiver by an insurer of one of the provisions of a policy, after its issuance, is not within section 2597 of the Code.

*Affirmed.*