H. MICHAELYAN, INC., Plaintiff, *v.* NEW JERSEY GUARANTY AND PLATE GLASS INSURANCE COMPANY, Defendant.*

Supreme Court, New York County, October 16, 1930.

---

*Affd., 234 App. Div. 855.

*Alexander Holtzoff* [*Percival S. Jones* with him on the brief], for the plaintiff.

*Spalding & McCabe* [*Lyman A. Spalding* of counsel; *John H. Jackson* with him on the brief], for the defendant.

UNTERMYER, J. (after stating the facts as above). This is one of those cases — always hard cases — where the question to be decided is which of two innocent parties shall suffer from the wrong of a third. The decision is rendered particularly difficult because it is impossible to determine the facts out of which the suit arises with any degree of certainty. The Dulanys and Devoe are the only persons to whom the facts are fully known, but of these the Dulanys did not testify and Devoe, who testified at the trial, is unworthy of belief. In this obscurity, the facts must be ascertained principally from inferences based upon probabilities and must be subjected to the test that the plaintiff, in order to succeed, must establish by a preponderance of proof either (1) that Devoe executed the guaranty before his authority was revoked by the defendant, or (2) that the defendant is estopped by its conduct from disputing this.

Upon the first of these questions I am inclined to believe that the guaranty was executed after Devoe's authority was revoked. This conclusion appears to me to accord not only with the testimony of Daniels but with the probabilities, notwithstanding that the guaranty is dated May 10, 1927. Devoe, also, admits that he executed five guaranties of $20,000 each after May 21, 1927, in alleged substitution of earlier guaranties of small denominations. It developed, however, that five other guaranties of $20,000 each — one dated April 23, 1927, and four dated May 10, 1927 — are outstanding. It is very likely that the guaranty here, together with the other four guaranties dated May 10, 1927, constitute the five guaranties which Devoe admits having executed after his authority was revoked. This would lead to the conclusion that the guaranty here was one of those delivered by Devoe to Daniels at 110 William street or at the Robert Treat Hotel. Much significance should not be attached to the date of the guaranty because it is evident that even though delivered after the revocation of Devoe's authority, he would necessarily have executed it as of an earlier date. In my opinion, therefore, the plaintiff has not sustained the burden of proving that the guaranty here was executed at a time when Devoe was authorized.

I am further of the opinion that the certificate was not delivered by Devoe to the Dulanys after the revocation of his authority, but that it had been delivered to them in the ordinary course of business in connection with the earlier guaranties. It seems highly improbable that at a time when such certificates were readily available to Devoe he should have retained a supply in his possession against the day when his authority might be revoked. This conclusion again, harmonizes with the testimony of Daniels, that no certificates were delivered to Devoe with the guaranties at the Robert

Treat Hotel or at 110 William street. If Devoe then had certificates in his possession, that, it would seem, was the logical moment to have delivered them. Moreover, there is reason to believe that the Dulanys received certificates of Devoe's authority in connection with the earlier authorized guaranties. After the Dulanys received from Devoe the guaranties here in suit they probably used in conjunction with it some certificate already in their possession for the purpose of putting the guaranty in circulation. This, it seems to me, is the more likely explanation of the transaction. Nor am I able to find any evidence that after May 21, 1927, Devoe delivered to the Dulanys any certificate of which he had possession when his authority was revoked.

The plaintiff cannot recover if these are the facts, because the defendant cannot be charged with negligence in having delivered to the Dulanys, with previous guaranties, several certificates of Devoe's authority at a time when he was duly authorized. This was not more negligent than if, in the course of business and while Devoe was authorized, the defendant had delivered to the Dulanys a guaranty executed by Devoe with a certificate of his authority and, after his discharge, Devoe and the Dulanys, using the same certificate, had substituted a guaranty for a greater sum. Though damage to an innocent third party results, a principal is helpless to prevent such occurrences. It should be remembered, also, that the third party is always in a position to ascertain the true facts concerning the agent's authority by applying to the principal. The principal, accordingly, is liable only for such acts of his agent as he has ostensibly authorized — not for all their possible counterfeits. Since it is not shown that the certificate on which the plaintiff relied in this transaction was permitted to remain in Devoe's possession when his authority was revoked (*Marshall* v. *Reading Fire Ins. Co.*, 78 Hun, 83), the decision of the Appellate Division on the previous appeal (229 App. Div. 123) is not applicable to the facts as I find them to have existed here. The certificate was not negligently left in Devoe's possession, where he might use it to deceive third persons with this indicia of his authority. It was not improperly delivered to the Dulanys either by the defendant or by Devoe after his agency had ceased. Having been properly issued and delivered, the defendant is not responsible that it was improperly used by the Dulanys after the facts therein certified were no longer true. (See *National Exchange Bank* v. *Lester*, 194 N. Y. 461.) The plaintiff's loss results from the action of Devoe in antedating the guaranty, combined with the circumstance that the certificate previously delivered by the defendant in the ordinary course of business supplied authentic evidence of Devoe's authority

as of the earlier date. Therefore, even if the defendant did not use proper care in assuring itself that Devoe had no certificates in his possession when his authority was revoked, this, upon the facts as I now find them, did not contribute to the conditions which have produced the situation which exists here, because I am unable to find that this certificate was one of these, if such there were.

Judgment is accordingly directed in favor of the defendant and against the plaintiff dismissing the complaint on its merits with costs. Settle decision and judgment on notice. Findings have been passed on.